**UNITED STATES of America, Appellee,**

v.

**Carlton REED a/k/a Dion Leatherwood, Appellant.**

No. 89–1408.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1990.

Decided Feb. 28, 1990.

Richard H. Morgan, Jr., Pontiac, Mich., for appellant.

Janet L. Petersen, Cedar Rapids, Iowa, for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

PER CURIAM.

Carlton Reed, a/k/a Dion Leatherwood, appeals his sentence imposed by the district court [1] upon a plea of guilty to one count of conspiring to distribute and possessing with intent to distribute 50 grams or more of a mixture containing cocaine base (crack) in violation of 21 U.S.C. § 846. Reed was sentenced to 324 months' imprisonment, to be followed by 5 years' supervised release and a $50 special assessment. We affirm.

### I. BACKGROUND

Police officers raided a crack house in Waterloo, Iowa, and arrested Reed, age 19, and a coconspirator. The officers found, among other things, a semiautomatic 9mm pistol and ammunition, 116.84 grams of crack, a notebook with drug-related notations, and crack cooking materials.

Reed was charged with one count of possessing a firearm during a drug trafficking crime, one count of possessing and aiding and abetting the possession with the intent to distribute 50 grams or more of crack, and one count of conspiracy. Reed pleaded guilty to the conspiracy charge, and the remaining counts were later dismissed on the government's motion.

The presentence investigation report (PSI) stated that Reed was the leader of the crack distribution operation, which included five or six runners. The PSI further stated that the crack was sold in either $200 or $630 bags. A $630 bag contained

---

\* The HONORABLE ANDREW W. BOGUE, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

42 "rocks" of cocaine and averaged 9 grams. In addition, the PSI noted that Reed admitted that he had received $8,000 to $10,000 from the conspiracy and had delivered $60,000 to $70,000 to a reputed drug kingpin in Detroit.

Applying the United States Sentencing Guidelines (Guidelines) drug quantity table (§ 2D1.1(c)), the probation officer initially calculated Reed's base offense level at 36 by estimated the total amount of crack involved in the conspiracy. The probation officer recommended a 2-level weapons enhancement (Guidelines § 2D1.1(b)(1)), a 4-level enhancement for his role as a leader in the offense (Guidelines § 3B1.1(a)), a 2-level enhancement for obstruction of justice because he persisted in using his alias (Guidelines § 3C1.1), and a 2-level reduction for acceptance of responsibility (Guidelines § 3E1.1). Reed's criminal history category was II. This resulted in an adjusted offense level of 42, which carried a range of 360 months to life.

Reed's written objections to the PSI challenged the enhancements for weapons, role in the offense, and obstruction of justice. He also objected to the amount of crack alleged to have been seized at the residence and to the method of computing the total amount of crack. Reed claimed he was denied equal protection by the use of the drug quantity table because it treats crack dealers more harshly than dealers of other forms of cocaine in that the amount of crack at his base level is less than the rational equivalent to the amount of cocaine at the same level. This difference in amounts is due to the "100 to 1 ratio" between crack and cocaine in the Guidelines drug equivalency tables. He further asserted that he was entitled to a reduction for substantial assistance (Guidelines § 5K1.1), and that his age should be considered as a mitigating factor. In response to the objections, the probation officer recalculated the base offense level, using only the amount of crack that was seized. This resulted in a base offense level of 32 and an adjusted level of 38 which carried a range of 262 to 327 months' imprisonment.

At the sentencing hearing, Reed renewed his objections to the PSI. In addition, he objected to being placed in criminal history category II as the result of a juvenile conviction. The court overruled Reed's category II objection; and rejected the equal protection argument, noting that Congress had the power to determine "what particular substances are to be prohibited and at what quantities those substances incur penalties." The court placed the burden on the government to demonstrate that the base offense level and upward enhancements were appropriate. Based on the government's evidence concerning the amount of crack, the court concluded that Reed should be sentenced using base offense level 36, because more than 500 grams of crack were involved in the conspiracy. The court also applied the enhancements for weapons and leadership role but not for obstruction of justice. Reed's adjusted offense level of 40 resulted in a range of 324 to 405 months' imprisonment.

In accordance with the plea agreement, the government recommended that Reed be sentenced to the low end of the range because of his age and lack of criminal record. Reed renewed his request for a downward departure based on his age, which the district court denied for the reason that Guidelines § 5H1.1 states that age is not ordinarily relevant as a sentencing factor. The court also denied Reed's request for a downward departure for substantial assistance because the government had not made a motion for such reduction pursuant to section 5K1.1. The court sentenced Reed to 324 months' imprisonment.

On appeal, Reed renews his equal protection claim based on the drug quantity table. He also argues that the Sentencing Guidelines and 21 U.S.C. § 841(b)(1)(A)(iii) and (1)(B)(iii) violate due process and are unconstitutionally vague and ambiguous because they do not define "cocaine base," and, therefore, invite arbitrary enforcement.

## II. DISCUSSION AND CONCLUSION

In *United States v. Buckner*, 894 F.2d 975, 979 (8th Cir.1990), we rejected a sub-

stantive due process challenge to the "100 to 1 ratio" between crack and cocaine. Although Reed casts his argument in equal protection terms, we believe that *Buckner* is dispositive. *See also United States v. Cyrus*, 890 F.2d 1245, 1248 (D.C.Cir.1989). Reed's vagueness argument as to section 841(b) was rejected in *United States v. Brown*, 859 F.2d 974, 976 (D.C.Cir.1988), and his vagueness argument as to the Guidelines in *United States v. Cyrus*, 890 F.2d at 1248–49.

The sentence is affirmed.