**UNITED STATES of America, Appellee,**

v.

**Saturno HECHAVARRIA, aka Saturno Chavarria Hernandez, Appellant.**

**No. 91–2111.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1991.

Decided March 31, 1992.

Alfredo Parrish, Des Moines, Iowa, argued, for appellant.

Kandice Wilcox, Cedar Rapids, Iowa, argued (Janet L. Petersen, Cedar Rapids, Iowa, on brief), for appellee.

Before LAY,* Chief Judge, HENLEY, Senior Circuit Judge, McMILLIAN, Circuit Judge.

PER CURIAM.

In a trial by jury, Saturno Hechavarria was convicted on five drug-related charges stemming from his possession with intent to distribute crack and powder cocaine. *See* 18 U.S.C. § 2 (1988); 21 U.S.C. §§ 841(a)(1), 846 (1988). The district court[1] sentenced Hechavarria to 360 months incarceration.

On appeal, Hechavarria argues that the district court erred in (1) failing to grant his motion to suppress evidence obtained through the use of an invalid search warrant; (2) admitting his custodial statements despite the fact that he did not make a knowing waiver of his Miranda rights; (3) allowing his conviction for distribution to stand despite insufficient evidence; (4) failing to allow him to impeach a government witness with a prior inconsistent statement; (5) giving improper jury instructions; (6) refusing to declare a mistrial based on prosecutorial misconduct; (7) denying his equal protection rights by imposing a harsher sentence for crack than for powder cocaine; and (8) incorrectly applying the federal sentencing guidelines to his case. Having reviewed the record and briefs, this court finds no prejudicial error. We affirm.

 Hechavarria urges that the information provided by a government informant did not constitute a substantial basis for a

---

* The HONORABLE DONALD P. LAY was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed.

1. The Honorable David R. Hansen, formerly United States District Judge for the Northern District of Iowa, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

magistrate to issue the search warrant. He contends that no evidence existed that the informant was a known, reliable witness and that probable cause was lacking under the totality of circumstance test. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We deem this a close issue. However, such an argument overlooks the "good faith" test of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Under *Leon*, the issuance of a warrant normally establishes that a law enforcement officer has acted in good faith in conducting the search. *Id.* at 922, 104 S.Ct. at 3420. Where an officer's reliance on a magistrate's determination of probable cause is "objectively reasonable," suppression of the evidence seized pursuant to such a warrant is not appropriate. *Id.*[2]

■ Hechavarria maintains he did not make a knowing waiver of his Miranda rights. However, the record shows that subsequent to his arrest, the defendant indicated that he understood the Miranda warnings which were read to him at least three times. Furthermore, the defendant responded negatively when the officers asked him if an interpreter was needed. With regard to the claim of insufficient evidence, we believe the trial record supports the jury's verdict. The record contains evidence of at least three incidents where the government informant received cocaine from co-conspirator Al Carter, who visited the defendant before completing each transaction.

■ Hechavarria alleges that the district court committed several trial errors. We find no prejudicial rulings. The trial court refused to admit a prior statement of a government witness because the defendant did not question the witness regarding the statement when the witness was on the stand. In addition, the jury instructions in question were well within the discretion of the trial court. In every marshalling instruction where the elements of the various offenses are set out, the court informed the

jury that the government need prove each element of the crime beyond a reasonable doubt. Finally, the improper remark made by the prosecutor in the government's closing argument was properly stricken from the record. A mistrial was not required because the defendant failed to show that the remark prejudiced his substantial rights so as to deprive him of a fair trial. *See United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir.1985).

■ At sentencing, the trial court added to the defendant's sentence due to the number of assault-type knives found in his apartment; his role as leader in the offense; and the participation of five or more persons in the offense. We find no prejudicial error in this application of the sentencing guidelines. We also note that this court has previously rejected defendant's argument that imposing harsher sentences for use or distribution of crack violates defendants' rights to equal protection. *United States v. Reed*, 897 F.2d 351, 352–53 (8th Cir.1990).

Accordingly, we affirm the trial court's conviction and sentence. *See* 8th Cir.R. 47B.

---

2. Here, the three page affidavit submitted by the police officer is not challenged as "reckless" or "dishonest," nor is it a "bare bones" affidavit.

*See Leon* 468 U.S. at 926, 104 S.Ct. at 3422. Thus, we find the officer's reliance to be objectively reasonable.