977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Carl Travis NETTER, Appellant.
 No. 92-1549.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 12, 1992.
Filed: October 14, 1992.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Carl Travis Netter appeals from the ninety-six-month sentence imposed by the district court upon his guilty plea to possession with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 Netter argues that the provisions of 21 U.S.C. § 841(b)(1)(B)(iii) and U.S.S.G. § 2D1.1(a)(3), (c), which punish offenses involving cocaine base more severely than other cocaine offenses, violate due process because they are irrational and because the term "cocaine base" is unconstitutionally vague. He also argues these provisions violate equal protection because they have a disparate impact on black persons and result in cruel and unusual punishment. In support, Netter cites authority from other federal circuits and one state supreme court, but we have previously rejected these arguments. See United States v. Simmons, Nos. 911368/91-1426, slip op. at 6-7 (8th Cir. May 15, 1992); United States v. House, 939 F.2d 659, 664 (8th Cir. 1991) (statute is not void for vagueness and does not violate equal protection or result in cruel and unusual punishment); United States v. Reed, 897 F.2d 351, 352-53 (8th Cir. 1990) (per curiam) (statute and guidelines are not void for vagueness; guidelines are rational and do not violate substantive due process or equal protection); United States v. Buckner, 894 F.2d 975, 978-81 (8th Cir. 1990) (statute and guidelines derived therefrom are rational and do not violate substantive due process or result in cruel and unusual punishment).
 
 
 3
 Accordingly, we affirm.
 
 
 4
 HEANEY, Senior Circuit Judge, concurring.
 
 
 5
 I concur in the court's opinion, but only because I am bound by our prior decisions. I continue to believe that Congress did not have a rational basis to treat one gram of crack cocaine as equivalent to 100 grams of powder cocaine. See United States v. Willis, No. 91-2467, slip op. at 10-12 (8th Cir. June 26, 1992) (Heaney, J., concurring). What makes matters worse is that the crack laws have a disparate impact on blacks. Until our court en banc or the Supreme Court overrules our prior cases, however, I must concur.