UNITED STATES of America, Appellee,

v.

Walter TAYLOR, Appellant.

No. 92–2290.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Feb. 25, 1993.

Michael McGlennen, Minneapolis, MN, argued, for appellant.

Denise Ducharme Reilly, Minneapolis, MN, argued (Thomas B. Heffelfinger and Denise D. Reilly, on brief), for appellee.

## ORDER

The suggestion for rehearing en banc is denied. The petition for rehearing is also denied.

On the court's own motion the attached opinion is substituted for the opinion filed January 12, 1993.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Walter Taylor was indicted on eight counts of selling cocaine base. He filed a motion to dismiss the indictment, alleging that 21 U.S.C. § 841(a)(1) and (b) were racially discriminatory because they provided different punishment for the sale of the same amounts of cocaine and cocaine base. Mr. Taylor later pleaded guilty to one count of the indictment; the remaining counts were to be dismissed. In January, 1992, the district court accepted the magis-

* The Honorable Daniel M. Friedman, Senior Circuit Judge for the Federal Circuit, sitting by designation.

**298**

trate's recommendation and denied Taylor's motion to dismiss.

Prior to sentencing, Mr. Taylor moved for a downward departure from the guideline range applicable to his sentence, *see* 18 U.S.C. § 3553(b), citing the alleged unfairness of his prosecution by federal authorities in comparison to prosecution of 29 others on related charges by state authorities. Taylor argued that multiple sales by him, which increased the guideline range, were deliberately solicited in order to increase the applicable punishment. The district court denied the motion for downward departure and sentenced Mr. Taylor to 63 months in prison. Mr. Taylor reserved a right to appeal a denial of his motion to dismiss. *See* Fed.R.Crim.P. 11(a)(2). He now does so, and he also appeals the district court's failure to depart downward from the applicable guideline range. We affirm the district court in all respects.

### I.

■ On appeal, Mr. Taylor argues that the relevant statute is racially discriminatory because it prescribes greater penalties for the sale of cocaine base than for the sale of the same amount of cocaine, since black people are more likely to be prosecuted for the sale of cocaine base than white people are.

As the government notes, however, this circuit has repeatedly rejected the argument that the statutory penalties associated with the sale of the same amounts of cocaine base and cocaine, *see* 21 U.S.C. § 841(a)(1) and § 841(b), violate the equal protection guarantee of the Fifth Amendment. *See, e.g., United States v. Hechavarria*, 960 F.2d 736, 738 (8th Cir.1992) (*per curiam*), and *United States v. House*, 939 F.2d 659, 664 (8th Cir.1991); *see also United States v. Johnson*, 944 F.2d 396, 404 n. 7 (8th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991); *United States v. Reed*, 897 F.2d 351, 352–53 (8th Cir.1990) (*per curiam*); and *United States v. Buckner*, 894 F.2d 975, 980 (8th Cir.1990).

The district court is therefore affirmed on its denial of Mr. Taylor's motion to dismiss on equal protection grounds.

### II.

By motion and at sentencing, Mr. Taylor argued that a downward departure from the guideline range was warranted because he was solicited to make repeated sales and was not arrested until after he made several such sales. Taylor claimed that the investigating officer deliberately solicited those sales so that their aggregate amount would result in a substantially enhanced sentence. *See* § 1B1.3(a)(2), Sentencing Guidelines. In his appeal brief, Taylor also seems to argue that a downward departure was warranted because he was the only one of 30 persons prosecuted by federal, rather than state, authorities.

■ As the government notes, however, a district court's decision not to depart from the applicable guideline range is not reviewable. *See, e.g., United States v. Keene*, 915 F.2d 1164, 1170–71 (8th Cir. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991), and *United States v. Evidente*, 894 F.2d 1000, 1003–05 (8th Cir.1990), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Appellant also refers us obliquely to the rule that a holding by a district court that it did not have the authority to depart is a reviewable determination. *See, e.g., United States v. Harrison*, 970 F.2d 444 (8th Cir. 1992). We believe that there is nothing in this record on the basis of which the district court could have properly departed. The district court's denial of Mr. Taylor's motion for downward departure is therefore affirmed.