UNITED STATES of America, Appellee,

v.

**Todd Richard FRANIK, Appellant.**

No. 93–1620.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1993.

Decided Oct. 21, 1993.

---

John R. Wylde, Jr., Minneapolis, MN, argued, for appellant.

Frank J. Magill, Jr., Minneapolis, MN, argued (Francis X. Hermann and Frank J. Magill, on the brief) for appellee.

Before LOKEN, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and HANSEN, Circuit Judge.

PER CURIAM.

Todd Richard Franik appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). He contends that the district court [1] erred at sentencing by failing to give him a reduction for acceptance of responsibility and by refusing to depart downward from the applicable Sentencing Guideline range. He further contends that the district court erred at trial by permitting the government to introduce prior crimes of violence when he offered to stipulate to his status as a felon. We affirm.

## I. BACKGROUND

Kevin Yank and Brian Castle met Franik at his parents' home one night where they witnessed Franik in possession of a Mossberg .12 gauge shotgun. Franik told them he was going to steal a truck, rob a convenience store, rob a gun shop, kill the gun shop owner, and flee to California in the stolen truck. Franik urged Yank and Castle to assist him but they declined. Franik threatened to kill them if they exposed his plan. Castle reported the incident, but Franik did not carry out his plan. The police executed a search warrant and found the gun in the Franik home and charged him with being a felon in possession of a firearm.

Franik was 23 years old at the time of the offense and his record included four certified adult felony convictions. Franik offered to stipulate that he was a convicted felon, but the government declined. At trial, the government introduced three of the prior felony convictions. Franik was the only defense witness. He admitted to his multiple felony convictions, but he denied that he had been in possession of a firearm on the night in question. Franik offered his own non-incriminating version of the evening's events. The jury returned a verdict of guilty.

---

* The Honorable Levin H. Campbell, United States Senior Circuit Judge for the First Circuit Court of Appeals, sitting by designation.

1. The Honorable Diana E. Murphy, Chief Judge of the United States District Court for the District of Minnesota.

The Presentence Investigation Report recommended a reduction in Franik's sentence for acceptance of responsibility because Franik admitted to the probation officer that he had possessed the gun. At sentencing, Franik sought a reduction for acceptance of responsibility and moved for a downward departure on the basis of his youth and the brevity of his criminal career.

The district court found that because Franik's trial testimony is inconsistent with his statement to the probation officer the record does not show acceptance of responsibility. The court also denied his motion to depart downward but found that the circumstances that served as the basis for the motion justified a sentence at the low end of his sentencing guideline range. The district court sentenced Franik to a term of 235 months of imprisonment, followed by three years of supervised release.

## II. DISCUSSION

Franik argues on appeal that the district court erred in denying him a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 (Nov.1992). "We give great deference to a district court's decision about acceptance of responsibility and will reverse the decision only for clear error." *United States v. Schau,* 1 F.3d 729, 731 (8th Cir.1993) (citing *United States v. Aldridge,* 985 F.2d 960, 962 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2947, 124 L.Ed.2d 695 (1993)). Franik testified at trial, denying that he possessed a firearm on the night in question. He did not admit the truth until after the jury had convicted him. The district court did not clearly err in finding that the record did not show acceptance of responsibility.

Franik also argues that the district court erred in refusing to depart downward based upon his youth and the brevity of his criminal career. A district court's refusal to depart downward from the applicable Guideline range is not reviewable, except if the court indicated it was unaware of its authority to do so. *See United States v. Taylor,* 986 F.2d 297, 298 (8th Cir.1993). Clearly the district court was aware of its discretionary authority to depart downward but found that

no grounds for departure existed in this case. Hence, the court's decision not to depart is not reviewable.

Finally, Franik contends that the government should not have been allowed at trial to introduce evidence of his prior felonies after he offered to stipulate to his status as a felon. The government correctly asserts that it is not required to stipulate that the defendant is a convicted felon. "This court has repeatedly held the government need not accept a defendant's stipulation to previous felony convictions in lieu of introducing proof of those convictions." *United States v. Amerson,* 938 F.2d 116, 119 (8th Cir.1991) (citation omitted).

In this case, the government introduced evidence of Franik's prior felonies to prove an essential element of the offense. The government presented proof of the felonies through certified copies of the convictions and did not present evidence showing the underlying facts of the convictions. At Franik's request, the government redacted some information from the copies to reduce possible undue prejudice. The district court did not commit error by admitting this evidence.

Accordingly, we affirm the judgment of the district court.