UNITED STATES of America,
Plaintiff–Appellee,

v.

Cray E. PARRIS, Defendant–Appellant.

No. 93–2478.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1993.

Decided Feb. 10, 1994.

Rehearing Denied March 7, 1994.

Counsel who presented argument on behalf of the appellant was John R. Cullom, Kansas City, Missouri.

Counsel who presented argument on behalf of the appellee was Mark A. Miller, Kansas City, Missouri.

Before HANSEN, Circuit Judge, JOHN R. GIBSON *, and FRIEDMAN **, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Cray E. Parris appeals from the district court's[1] denial of his motion to suppress cocaine found during a drug purchase. He also challenges the constitutionality of 21 U.S.C. § 841(b)(1)(A)(iii) (1988) and the Sentencing Guidelines § 2D1.1, as they differentiate between "crack" and powder cocaine. We affirm the judgment of the district court.

Parris sold crack cocaine to a confidential informant on numerous occasions, and customarily showed the cocaine to the informant who would return minutes later with money. On September 16, 1992, Special Agent Timothy Jones of the Drug Enforcement Administration, working undercover, spoke by telephone to Parris to arrange a purchase of cocaine. They agreed to meet at 5704 Paseo Boulevard in Kansas City, Missouri. The next day, Parris called Jones, and said he was ready to close the deal at 5704 Paseo Boulevard. Police obtained an anticipatory search warrant for 5704 Paseo Boulevard to be executed upon completion of the sale. When Jones and the confidential informant knocked on the door of 5704 Paseo Boulevard, no one answered. Jones returned to his car parked in front of the house and paged Parris. Parris called Jones immediately after being paged, said he was at 5708 Paseo and could see Jones and the confidential informant from the window in which he was standing. The police did not have a search warrant for the house at 5708 Paseo, which was owned by Richard Elbert.

Jones and the confidential informant decided to proceed with the purchase despite the absence of a warrant because Parris had already seen them and told them he had the drugs, a surveillance team was already in place, and the transaction had already been delayed one day. Jones believed the transaction would be jeopardized if he delayed any further.

Parris invited Jones and the confidential informant to enter the house at 5708 Paseo, where they learned a black purse containing the cocaine lay in the hall on the second floor. Jones and the informant told Parris they would go to their car to retrieve the money. After leaving the house, Jones told another agent through his transmitter where the black bag was located and to "hit the place." Immediately thereafter an Alcohol Firearms and Tobacco response team, wearing black police raid uniforms and carrying guns, entered the residence with the intention of securing it, preventing destruction of evidence, and detaining the occupants. Fifteen minutes later, when Special Agent Major of the DEA entered the dwelling, Elbert, who was lying handcuffed on the floor, told Major he owned and resided in the house. Elbert acted surprised when Major informed him about the cocaine, but he was cooperative and calm throughout the entire discussion. When Major asked Elbert if he would consent to a search of the residence for drugs, Elbert agreed to cooperate and sign a consent form. The officers explained to Elbert that he was not required to give permission to the search, but if he did not they would obtain a search warrant. After reading the consent form, Elbert signed it and then accompanied the agents while they searched his residence. During the search, the only item the agents seized was the black bag containing the cocaine. After the search, Elbert remained cordial and courte-

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri.

ous to the agents, even joking with the officers. Elbert was not arrested.

Parris was charged with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). He filed a motion to suppress all evidence seized during the search at 5708 Paseo Boulevard on the grounds that the consent to search given by Richard Elbert was not free and voluntary. Magistrate Judge Robert E. Larsen of the Western District of Missouri filed a Report and Recommendation recommending that Parris' motion be denied. The district court adopted this report and recommendation. Subsequently, Parris entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. He was sentenced to 151 months in prison, fined $5,000, and given a five-year period of supervised release. This appeal followed.

Parris first appeals the district court's denial of his motion to suppress the crack cocaine seized in the search of the residence at 5708 Paseo. He argues the search was illegal because it was conducted without consent or a valid search warrant and that no exigent circumstances existed.

We review a district court's findings of consent and exigent circumstances under the clearly erroneous standard. *United States v. Washington*, 957 F.2d 559, 562 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 239, 121 L.Ed.2d 174 (1992); *United States v. Clement*, 854 F.2d 1116, 1118 (8th Cir.1988).

■ A warrantless search is reasonable when justified by both probable cause and exigent circumstances. The district court found both probable cause and exigent circumstances in this case. Parris does not challenge the finding of probable cause, but argues that there were no exigent circumstances. The government has the burden of showing that exigent circumstances existed. *Clement*, 854 F.2d at 1119. Where, in circumstances beyond the officers' control, lives are threatened, a suspect's escape is probable, or evidence is about to be destroyed, immediate police action is justified without a

warrant. *Michigan v. Tyler*, 436 U.S. 499, 509, 98 S.Ct. 1942, 1950, 56 L.Ed.2d 486 (1978); *United States v. Duchi*, 906 F.2d 1278, 1282 (8th Cir.1990).

■ The district court found that Jones reasonably believed the investigation would be jeopardized if he did not proceed as planned. After first going to a different house, Jones telephoned Parris, who then saw Jones in the car. Jones had little choice but to proceed with the plan. If Jones left to obtain a search warrant, there is a strong possibility Parris would have become suspicious and would have either destroyed or removed the cocaine. The transaction had already been delayed one day, Parris saw Jones outside the house, and Jones knew the cocaine was in the house at 5708 Paseo Boulevard. The court's finding that exigent circumstances existed was not clearly erroneous.

■ Parris also argues the search was invalid because Elbert did not freely and voluntarily consent.[2] Even when officers have neither probable cause or a warrant, they may search an area if they obtain voluntary consent from someone possessing adequate authority over the area. *United States v. Matlock*, 415 U.S. 164, 171 & n. 7, 94 S.Ct. 988, 993 & n. 7, 39 L.Ed.2d 242 (1974); *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973). The government has the burden of proving consent was voluntary. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968); *United States v. Ramey*, 711 F.2d 104, 107 (8th Cir.1983). We review the voluntariness of consent under a clearly erroneous standard. *United States v. Cortez*, 935 F.2d 135, 142 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 945, 117 L.Ed.2d 114 (1992).

■ The district court found Elbert voluntarily and freely gave consent to search his residence at 5708 Paseo Boulevard. As owner of the dwelling, he had authority to give the consent. The court also found Elbert freely consented because he had general intelligence and appeared to be well-educated, even demonstrating proficiency with comput-

---

2. The government raises no issue as to whether Parris has standing to challenge the search of the house at 5708 Paseo Boulevard. *See United*

*States v. Murdock*, 928 F.2d 293, 298 (8th Cir. 1991).

ers. The court found that the agents informed him of his right to withhold consent, and he read the consent form before signing it. The district court also found that Elbert was not threatened, intimidated or punished, that the police made no promises or misrepresentations, and that Elbert voluntarily consented to the search of the premises.[3] These findings are not clearly erroneous.

Under the clearly erroneous standard, we must defer to the decision of the lower court "unless it is not supported by substantial evidence, it evolves from an erroneous conception of the applicable law, or we are left with a firm conviction that a mistake has been made after having considered the entire record." *Clement*, 854 F.2d at 1120 (quoting *United States v. Wallraff*, 705 F.2d 980, 987 (8th Cir.1988)). In light of the facts of this case, we believe Elbert's consent was free and voluntary.

■ Parris also argues that the sentencing provisions of 21 U.S.C. § 841(b)(1)(A)(iii) are unconstitutional because they violate the Equal Protection and Due Process clauses. He alleges that heavier penalties in the statute for "crack" cocaine than for powder cocaine disproportionately punish black defendants. The district court rejected this argument.

This circuit has consistently rejected equal protection challenges based on the alleged disparate racial impact resulting from the increased penalties for crack versus powder cocaine. *See United States v. Taylor*, 986 F.2d 297, 298 (8th Cir.1993); *United States v. Womack*, 985 F.2d 395, 400–01 (8th Cir.1993); *United States v. Williams*, 982 F.2d 1209, 1213 (8th Cir.1992); *United States v. Lattimore*, 974 F.2d 971, 975–76 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). We therefore reject Parris' arguments.

Accordingly, we affirm the judgment of the district court.

---

3. Parris relies on the testimony of John McDermott, one of the residents at 5708 Paseo, to argue Elbert was threatened by the officers, but the district court rejected McDermott's testimony on credibility grounds.