29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Diamond L. COLEMAN, Appellant.
 No. 93-2594.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: July 21, 1994.
 
 1
 Before MORRIS S. ARNOLD, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MELLOY,* Chief District Judge.
 
 
 2
 MELLOY, Chief District Judge.
 
 
 3
 Appellant Diamond L. Coleman was found guilty of one count of aiding and abetting the possession with the intent to distribute crack cocaine, a violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A) and 18 U.S.C. Sec. 2. Coleman was sentenced to 288 months. On appeal, Coleman challenges the admission of certain prior bad acts, the admission of certain co-conspirator hearsay statements, a statement by the district court, and the constitutionality of the sentencing guidelines as they pertain to crack cocaine and cocaine. We affirm on all issues.
 
 I. Discussion
 A. Prior Bad Acts
 
 4
 Coleman first argues that the district court[1] abused its discretion in admitting evidence of Coleman's prior bad acts via the testimony of Coleman's former girlfriend, Barbara Bruce. Bruce testified that she observed Coleman sell crack, possess large sums of money, purchase a number of automobiles with cash, pay cash for apartments, make wire transfers, and make numerous trips to Los Angeles, between 1988 and the spring of 1992. Bruce also testified that she actively participated in a number of these prior drug deals with Coleman. At the conclusion of her testimony, the district court read the jury two Rule 404(b) limiting instructions.
 
 
 5
 The government introduced much of Bruce's testimony pursuant to Rule 404(b). This rule provides that evidence of other crimes, wrongs or acts may be admitted only for limited purposes, including proof of motive, intent, opportunity, or knowledge. United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992); Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible if it is "(1) relevant to a material issue; (2) of crimes similar in kind and reasonably close in time to the crime charged; (3) sufficient to support a jury finding that the defendant committed the other crimes; and (4) more probative than prejudicial." United States v. Yerks, 918 F. 2d 1371, 1373 (8th Cir. 1990). The trial court has broad discretion in admitting such evidence and the trial court's decision will be overturned only when it is clear that the evidence had no bearing on the case. Id. Where intent is an element of the crime charged, "evidence of other acts tending to establish that element is generally admissible." Id. (citing United States v. Miller, 725 F.2d 462, 466 (8th Cir. 1984)).
 
 
 6
 The government asserts that Bruce's testimony was relevant to Coleman's intent to commit the charged crime[2]; was relevant to Coleman's planning and preparation to commit the charged crime; established the past association/relationship between Coleman and Bruce, an unindicted co-conspirator; and explained Coleman's motivation for involving Bruce in the charged crime. Coleman asserts that the government could have proved Coleman's intent without referring to his prior bad acts; the relationship between Bruce and Coleman could have been established without reference to Coleman's prior bad acts; many of the prior bad acts were remote in time; and Coleman was a minor at the time of his prior bad acts and the Missouri courts prohibit the introduction of criminal acts which transpired while a defendant was a minor.
 
 
 7
 The evidence of the previous crack sales, the possession of large sums of money, the wire transfers, and the discussion of the numerous trips to Los Angeles, all were relevant to prove intent and common scheme or plan. Since intent and knowledge were essential elements of the charged crime, the government had a right to introduce evidence which showed that Coleman had the requisite intent and knowledge to commit the charged crime. Dobynes, 905 F.2d at 1195.
 
 
 8
 Likewise, the on-going nature of Coleman's drug operation-Bruce testified that Coleman's prior drug trafficking activities continued until a few weeks before Coleman was arrested at the Kansas City airport-seriously refutes Coleman's contention that the prior bad acts were remote in time. Furthermore, Bruce's testimony established that she was an active participant in many of Coleman's prior deals and that Coleman had sought her advice and services in regards to this charged crime. Thus, Coleman's prior bad acts were part of a course of conduct which continued up until the time of his arrest for the charged crime.
 
 
 9
 Finally, we are not persuaded by Coleman's argument that 404(b) testimony cannot reference activities that occurred while a defendant was a minor. Rule 404(b) does not prohibit the introduction of prior bad acts which occurred while the defendant was a minor. United States v. Rogers, 918 F.2d 207, 210-11 (D.C. Cir. 1990).
 
 
 10
 In sum, we cannot say that the district court abused its broad discretion in admitting this evidence-especially in light of the fact that the district court properly instructed the jury concerning the limited purpose for which the evidence was admitted. See, e.g., United States v. Johnson, 934 F.2d 936, 941 (8th Cir. 1991)(proper 404(b) limiting instruction "reduce[s] the likelihood that such evidence would be improperly used.")
 
 B. Co-conspirator Statements
 
 11
 Coleman next argues that the district court erred in admitting the hearsay statements of Coleman's co-conspirator/co-defendant, Phina Mendoza.[3] During Coleman's trial, Mendoza testified about a conversation she had with Lonnie Brooks and a gentleman named Remo in July of 1992. Much of this conversation concerned her fee for transporting crack to Kansas City. Her testimony also linked Coleman to a card which was given to Mendoza by Remo which read "Just for Flint Coleman." The card was to be delivered to Coleman with the two kilograms of crack. Over Coleman's objection, all of this testimony/evidence was conditionally admitted by the district court pursuant to United States v. Bell, 573 F.2d 1040 (8th Cir. 1978).
 
 
 12
 Having reviewed the record, we find that the district court fully complied with United States v. Bell. Accordingly, we affirm the district court's decision to admit the co-conspirator statements of Phina Mendoza.
 
 C. Court Comment
 
 13
 Coleman next argues that the district court erred in commenting upon defense counsel's use of the word "squeal." During the cross examination of Mendoza, Coleman's attorney used the phrase "yet the day of your arrest you are squealing on your ex- boyfriend and his people in LA.... " Before Mendoza could answer, the district court asked counsel if he could use another word instead of "squeal" since "there's nothing improper with telling the truth."
 
 
 14
 According to Coleman, the court's comment made the testimony of Mendoza seem more credible. Coleman further argues that the court's comment made it difficult for the jury to make an impartial judgment of Mendoza's testimony. We disagree.
 
 
 15
 The district court's comment was both innocuous and isolated. Given the overwhelming evidence which was tendered by the government detailing Coleman's involvement in the charged crime (e.g., Coleman's fingerprints on the crack and Coleman's admission on audio tape that he was involved in the charged crime), the district court's comment had little (if any) influence on the jury.
 
 D. Equal Protection
 
 16
 Coleman last argues that the sentencing guidelines, as they pertain to crack cocaine and cocaine, violate the equal protection clause of the constitution. This argument has been rejected by this Court on a number of occasions. See, e.g., United States v. Maxwell, No. 93-2990, slip op. at 12-13 (8th Cir. May 26, 1994); United States v. Simms, 18 F.3d 588, 595 (8th Cir. 1994); United States v. Taylor, 986 F.2d 297, 298 (8th Cir. 1993); United States v. Womack, 985 F.2d 395, 400-01 (8th Cir.), cert. denied, 114 S. Ct. 276 (1993).
 
 
 17
 Accordingly, we AFFIRM the conviction and the sentence of Appellant Diamond L. Coleman.
 
 
 
 *
 The HONORABLE MICHAEL J. MELLOY, Chief Judge of the United States District Court for the Northern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Court Judge for the Western District of Missouri
 
 
 [2]
 Coleman and Phina Mendoza were arrested on July 29, 1992, at the Kansas City airport, carrying approximately two kilograms of crack cocaine
 
 
 [3]
 Although Coleman essentially abandoned this argument at oral argument, we have nevertheless considered it for purposes of Coleman's appeal