DOWD, District Judge,
 

 delivered the opinion of the court.
 

 I.
 
 INTRODUCTION.
 

 Defendant-appellant James Shields (hereafter “appellant”) was charged with the manufacture of a controlled substance and possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and (b)(l)(B)(vii). He pled guilty to the charges against him under a Rule 11 plea agreement after the district court denied his motion to suppress evidence obtained by means of an alleged fatally defective search warrant. Under the Rule 11 plea agreement, appellant reserved his right to appeal the district court’s evidentiary ruling.
 

 Two issues are presented for our review. First, this Court must decide whether evidence seized with a search warrant obtained by state law enforcement officers from a state court judge should be suppressed in a federal prosecution because the affidavit in support of the search warrant was orally supplemented under oath. Second, we must decide whether, if the search warrant was invalid due to improper oral supplementation, the evidence seized pursuant to such invalid search warrant should nonetheless be admitted where the state law enforcement officers relied in good faith on the issuance of the search warrant.
 

 For the reasons set forth below, the Court finds that United States District Court Judge Avern L. Cohn did not err in denying the motion to suppress the evidence. Accordingly, we affirm the district court’s oral ruling of November 21, 1990.
 

 II.
 
 FACTS
 

 On Friday, April 6, 1990, appellant resided at 9395 Kearny Road, Whitmore Lake, Michigan. On this day at approximately 4:30 p.m., Tim Lenhard, a Michigan state trooper,
 
 [1]
 
 followed up on a confidential informant’s tip that marijuana was growing at appellant’s residence. Upon going to the residence, Lenhard saw marijuana in plain view, growing in the front room of appellant’s house, and he observed that the upstairs windows were covered in a manner known to be used by marijuana growers.
 

 Appellant was arrested for possession of marijuana but refused to allow the officers to search his residence. Officer Lenhard immediately set out to find a judge to authorize a search warrant. A Washtenaw County district judge was found in a parking lot of a hotel where various judges were attending a fund raiser.
 

 After reviewing the search warrant application and the accompanying affidavit in support, the judge placed Officer Lenhard under oath and asked him questions concerning the search warrant application. The judge specifically asked when Officer Lenhard had actually seen the marijuana. After hearing Officer Lenhard’s sworn oral statement, the judge signed the search warrant. A search commenced immediately thereafter at appellant’s residence, resulting in the confiscation of approximately 400 marijuana plants plus drug paraphernalia of various kinds.
 

 On June 27, 1990, appellant was indicted for manufacturing and possessing marijuana with the intent to distribute. Counsel
 
 *945
 
 for appellant subsequently filed a motion to suppress the evidence seized pursuant to the search warrant issued on April 6, 1990, alleging that the search warrant affidavit was fatally defective because it did not provide times or dates for the information supplied in the affidavit. Appellant asserted that, as a result of the defective affidavit, there was no probable cause to justify issuance of the warrant.
 

 Appellee opposed the motion to suppress and, in support of its opposition, supplied the affidavit of Officer Tim Lenhard which attested to the truth of the facts set forth above.
 

 On October 19, 1990, a United States magistrate judge recommended that the evidence be suppressed for failure to comply with Fed.R.Crim.P. 41(c). At a hearing on November 21, 1990, the district judge asked defense counsel if he had any evidence to rebut the officer’s sworn statement. Counsel responded that, having not yet spoken to the state court judge who issued the warrant (who arguably might have a different recollection than that of the officer), counsel was unwilling to represent to the court that he could not rebut the officer’s statement.
 

 Thereafter the district court ruled as follows:
 

 THE COURT: So we can move this case forward, the Court will reject the Magistrate’s report, find that the warrant — deny the motion to suppress unless within one week the Court received a call from defense counsel that he wants an evidentiary hearing on the question [of the accuracy of the officer’s affidavit.]
 

 (Transcript of the November 21, 1990 hearing, at 11). There is nothing in the record to show that defense counsel requested an evidentiary hearing.
 
 [2]
 

 Assisted by new counsel, appellant filed a motion for rehearing which was subsequently denied. Appellant entered into a Rule 11 plea agreement on April 5, 1991, reserving his right to appeal the district court’s ruling on the suppression of evidence. Appellant was sentenced to three years probation on October 31, 1991, and on November 6, 1991 he filed a notice of appeal.
 

 III.
 
 DISCUSSION
 

 On the first issue raised, our analysis must be two-fold: 1) whether
 
 state
 
 or
 
 federal
 
 law controls the question of the validity of a search warrant; and, 2) what the applicable law says regarding the permissibility of supplementing a search warrant affidavit by oral testimony.
 

 Second, if we determine that the search warrant was invalid, we must then decide whether the evidence should nonetheless be admitted because the state officers relied in good faith upon the issuance of the search warrant.
 

 A. Which law applies: state or federal?
 

 The commonly-held position is that federal, not state, law governs the question of the validity of a search warrant in a federal criminal proceeding.
 
 United States v. Smith,
 
 966 F.2d 1045, 1049 (6th Cir.1992);
 
 United States v. Allen,
 
 954 F.2d 1160, 1167 (6th Cir.1992);
 
 United States v. Combs,
 
 672 F.2d 574, 578 (6th Cir.),
 
 cert. denied,
 
 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982).
 

 In
 
 Elkins v. United States,
 
 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), the Court held that the government was prohibited from using against a federal defendant evidence obtained by state officers in violation of the Fourth Amendment. The Court specifically stated that in determining whether there has been an unreasonable search and seizure, the federal court must make an independent inquiry and that “[t]he test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.”
 
 Elkins,
 
 364 U.S. at 224, 80 S.Ct. at 1447.
 
 See also, Preston v. United States,
 
 376 U.S. 364, 366, 84 S.Ct. 881, 882, 11 L.Ed.2d 777
 
 *946
 
 (1963) (“The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers.”)
 

 B. Oral supplementation under federal law
 

 Under federal law, when judging the validity of a warrant, the issue is whether the Fourth Amendment has been violated or, in other words, “whether the [judicial officer] had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.”
 
 United States v. Loggins,
 
 777 F.2d 336, 338 (6th Cir.1985). “Probable cause exists when there is a ‘fair probability,’ given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place.”
 
 Id.
 
 at 338 (citing
 
 Illinois v. Gates,
 
 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).
 

 The Fourth Amendment requires that the probable cause basis for a search warrant be given by “oath or affirmation” before a judicial officer. U.S. Const, amend. IV.
 
 [3]
 
 The Fourth Amendment does not require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit.
 
 Sparks v. United States,
 
 90 F.2d 61, 64 (6th Cir. 1937). Furthermore, although Fed. R.Crim.P. 41(c)(1) requires the recording of oral testimony supplementing a search warrant affidavit, so as to make it part of the affidavit, by its terms Rule 41
 
 [4]
 
 does not apply in a case where no federal officers are involved.
 
 See,
 
 Fed.R.Crim.P. 41(a).
 
 [5]
 

 C. Whether United States v. Leon applies even if the warrant, is invalid
 

 Although under the law cited above, the district court’s decision to deny suppression of the evidence was correct, even if the court below had found that the warrant was invalid, suppression of the evidence would not have been required. The “good faith” exception set forth in
 
 United States v. Leon,
 
 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would save the evidence. The
 
 Leon
 
 Court, noting that “the Fourth Amendment ‘has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons,’ ”
 
 United States v. Leon,
 
 468 U.S. at 906, 104 S.Ct. at 3411 (quoting
 
 Stone v. Powell,
 
 428 U.S. 465, 486, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067 (1976)),
 
 *947
 
 held that evidence is admissible if it is “seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate.”
 
 Id.
 
 at 913, 104 S.Ct. at 3415.
 
 [6]
 

 In addition, courts have found it objectively reasonable for law enforcement officers to believe that a flaw in a warrant application could be cured by responding under oath to questions by the judicial officer.
 
 United States v. Edwards,
 
 798 F.2d 686, 691-92 (4th Cir.1986);
 
 United States v. Maggitt,
 
 778 F.2d 1029, 1036 (5th Cir. 1985),
 
 cert. denied,
 
 476 U.S. 1184, 106 S.Ct. 2920, 91 L.Ed.2d 548 (1986).
 

 IV.
 
 CONCLUSION
 

 Accordingly, we AFFIRM the order of the district court denying the motion to suppress evidence.
 

 [1]
 

 . Officer Tim Lenhard was assigned to LAW-NET (Livingston, Washtenaw, Jackson County Narcotics Enforcement Team).
 

 [2]
 

 . On appeal, appellant states that he "does not contest the accuracy of the affidavit.” (Brief for Defendant-Appellant, at 4, n. 1).
 

 [3]
 

 . The Fourth Amendment provides, in pertinent part:
 

 ... no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
 

 [4]
 

 . Fed.R.Crim.P. 41 provides, in pertinent part: (a) Authority to Issue Warrant. Upon the request of a
 
 federal
 
 law enforcement officer or an attorney for the government, a search warrant authorized by this rule may be issued ... (emphasis added).
 

 ******
 

 (c) Issuance and Contents.
 

 (1) Warrant Upon Affidavit____ Before ruling on a request for a warrant the [judicial officer] may require the affiant to appear personally and may examine under oath the affi-ant ..., provided that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit.
 

 [5]
 

 . We note here that our analysis of the validity of a warrant obtained, as in this case, by state officers for seizure of evidence ultimately used in a federal prosecution turns only on constitutional issues. Had this been a federal warrant obtained by federal officers with intent to use the evidence in a federal prosecution, we would not have been so confined. Under our supervisory power, pursuant to which rules for the administration of criminal justice in the federal courts are established, we would have the duty to closely examine the prescriptions of Rule 41.
 
 See, McNabb v. United States,
 
 318 U.S. 332, 340-41, 63 S.Ct. 608, 612-13, 87 L.Ed. 819 (1943).
 

 After the decision in
 
 United States v. Leon,
 
 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) discussed below, the Seventh Circuit stated that "it is difficult to anticipate any violation of Rule 41, short of a defect that also offends the Warrant Clause of the Fourth Amendment, that would call for suppression.”
 
 United States v. Hornick,
 
 815 F.2d 1156, 1158 (7th Cir.1987). We are not convinced that the Seventh Circuit is correct in making this rather sweeping statement. However, we need not decide the issue since it is not before us at this time.
 

 [6]
 

 . At page 6 of the transcript of the November 21, 1990 proceedings, Judge Cohn expressly stated that he was not relying on
 
 Leon
 
 because he believed, as we herein agree, that a
 
 Leon
 
 analysis was unnecessary where the court determined that a search warrant issued on the basis of an orally supplemented affidavit was valid. Even so, a
 
 Leon
 
 analysis would have been clearly supported by the record of the challenged proceedings since the material facts surrounding the issuance of the warrant were not in dispute.