992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward James BOYD, Defendant-Appellant.
 No. 92-5412.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and COFFIN,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On June 12, 1991, Officers Barbara Olive and Leo Hamilton of the Memphis Police Department applied for a warrant to search apartment number two at 3550 Bellbranch in Shelby County, Tennessee. Charles D. Gallagher, a Tennessee General Sessions Judge in Shelby County, Tennessee, issued the search warrant. Judge Gallagher signed the search warrant and dated it June 12, 1991 in one place, but he dated it "5/12/91" in another place. In addition, Judge Gallagher did not clearly state the time that he issued the warrant because he circled part of both the "a.m." and "p.m." sections on the warrant form. Olive and Hamilton executed the search warrant on June 12 and found approximately 12 grams of crack cocaine.
 
 
 2
 Edward Boyd was indicted on June 20 for illegal possession of a controlled substance with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). Boyd moved to suppress the evidence found at 3550 Bellbranch, claiming that the warrant was actually issued on May 12 and was too old to be valid on June 12. At the suppression hearing, Officer Olive testified that she applied for the warrant on June 12 and was not aware that the issuing magistrate had placed the wrong date on one portion of the warrant. The district court determined that the warrant was actually issued on June 12, even though it states that it was issued on May 12, and that the officers acted in good faith in executing the search warrant.
 
 
 3
 Following the suppression hearing, Boyd pled guilty to the indicted offense, reserving his right under Rule 11(a)(2) of the Federal Rules of Criminal Procedure to appeal the district court's refusal to suppress the evidence found in the apartment. The district court sentenced Boyd to a term of imprisonment of five years and three months, followed by four years of supervised release. Boyd now appeals his conviction, arguing that the district court should have suppressed the evidence found on June 12 pursuant to the search warrant. We affirm the judgment of the district court.
 
 
 4
 Search warrants which are issued by state magistrates and which are executed by state officers are examined in federal court only to determine whether they violate the United States Constitution. United States v. Shields, 978 F.2d 943 (6th Cir.1992). According to the court in Massachusetts v. Sheppard, 468 U.S. 981, 987 (1984), the crucial question in determining whether evidence should be suppressed in a criminal case under the exclusionary rule is "whether the officers reasonably believed that the search they conducted was authorized by a valid warrant." In Sheppard, the court held that certain evidence should not be suppressed even though the evidence was found during execution of a search warrant which contained pre-printed language about a different type of evidence. Id. at 984-986, 991. The court wrote, "Suppressing evidence because the judge failed to make all the necessary clerical corrections despite his assurances that such changes would be made will not serve the deterrent function that the exclusionary rule was designed to achieve." Id. at 991.
 
 
 5
 This case is different from Sheppard because the clerical mistakes in the warrant were made by the issuing magistrate, rather than the result of his failure to correct mistakes which he knew existed in the warrant. Nonetheless, evidence which resulted from the search warrant should not be suppressed. The search warrant was not invalid on the ground that the magistrate did not clearly indicate whether he was issuing the warrant in the a.m. or the p.m. because the Fourth Amendment does not require that search warrants note the time of day that they are issued. Additionally, the good-faith principle of Sheppard applies to this case regarding the magistrate's mistaken postdating of the date of the warrant. Officers Olive and Hamilton applied to a neutral, detached magistrate for a search warrant based on probable cause. The magistrate issued the search warrant immediately, and the police officers, unaware that the magistrate had mistakenly placed the wrong date in one spot on the warrant, executed the warrant in good faith. The district court, relying on Sheppard, properly refused to suppress the evidence in this case.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation