12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph EVANS, Defendant-Appellant.
 No. 93-5303.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: KENNEDY, BATCHELDER, Circuit Judges; and WILHOIT, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant Alex R. Evans appeals his jury conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, Evans contends that his conviction was based on illegally obtained evidence and that the evidence was insufficient to support the jury's guilty verdict. For the reasons set forth below, we affirm.
 
 I.
 
 2
 The record before the District Court disclosed the following as the basis for the search of Evans' residence. On the morning of April 24, 1992, two informants contacted Tennessee Highway Patrol Trooper Allen Lee regarding a marijuana growing operation at Evans' Pickett County, Tennessee residence. The first informant reported marijuana plants in Evans' house and an allegedly stolen motor vehicle in a nearby barn. Because the informant's tip was not based on personal knowledge, Trooper Lee informed him that he would be unable to obtain a search warrant with his information. Consequently, the informant left and returned forty-five minutes later with another individual who had personally seen the marijuana. The second informant told Trooper Lee that he knew marijuana on sight and that he had seen marijuana in Evans' house within the last 48 hours. Trooper Lee talked with the second informant for approximately one hour. During this discussion, the informant told Trooper Lee that marijuana was in Evans' basement behind a partition or wall, and that it was growing in pots under a lighting system. The informant was also aware of marijuana growing in a block building near the house. The informant further stated that he had seen the defendant harvesting the marijuana and packaging it in zip-lock bags. The informant described in detail Evans' elaborate indoor growing system. Additionally, the informant advised Trooper Lee that Evans had been selling the marijuana in Indiana and would be transporting the marijuana out of state within 48 hours.
 
 
 3
 The second informant lived within a half mile of Trooper Lee and had known Lee for fifteen years. Trooper Lee testified that this individual had always been a truthful and reliable person, but had never been an informant before. Finding the informant's detailed description of Evans' indoor marijuana operation reliable, Trooper Lee sought a search warrant. Because the Pickett County Circuit Court Judge was holding court in a neighboring county, Trooper Lee went to General Sessions Judge Ronald Zachary. Trooper Lee talked to Judge Zachary approximately one hour and conveyed to him all of the information disclosed by the informants. While listening to the Trooper's information, Judge Zachary began filling out affidavit and search warrant forms. Trooper Lee signed the affidavit and Judge Zachary issued a search warrant for Evans' house and a warrant for the barn housing the allegedly stolen vehicle.
 
 
 4
 On the afternoon of April 24, 1992, Trooper Lee and other law enforcement officials from the Tennessee Highway Patrol executed the search warrants. Evans was present during the searches. In the basement, the officers found 149 marijuana plants and an elaborate indoor growing system that included water, climate control, a moveable lighting system equipped with timers, fertilizer, triple beam balance scales and seed. Thereafter, the officers obtained defendant's written consent to search a concrete block building located near his residence. The building door was padlocked and defendant gave the officers the key to open it. Inside the building, the officers found 179 marijuana plants, grow lights, two temperature gauges, a plastic sprayer, a fan and an air conditioner.
 
 
 5
 During the searches, Evans admitted the marijuana was his. He also stated that he had sprayed some of the marijuana plants for insects causing those plants to turn brown. He further advised one of the officers that he expected one to two inches of growth every 24 hours and that he sold the marijuana in bulk in Indiana to avoid detection by local authorities. Additionally, Evans said he could make $10,000 every three months with an operation like the one he had set up in the basement and could make even more if he added grow lights.
 
 
 6
 On June 11, 1992, defendant was charged with one count of conspiring to distribute marijuana, one count of possessing marijuana with intent to distribute, and one count of possessing a stolen motor vehicle. On August 31, 1992, defendant moved for suppression of the evidence seized as a result of the searches. The District Court denied the motion, finding that the good faith exception to the exclusionary rule applied. See United States v. Leon, 468 U.S. 897 (1984).
 
 
 7
 Prior to trial, Count Three was severed, and at the conclusion of the evidence the District Court dismissed the conspiracy charge. The Jury found Evans guilty on Count Two, possession of marijuana with intent to distribute. Evans was sentenced to 78 months imprisonment to be followed by five years of supervised release. This timely appeal followed.
 
 II. Motion to Suppress
 A. Validity of the Search Warrant
 
 8
 Evans contends that the District Court erred in denying his motion to suppress the evidence obtained as a result of the April 24, 1992 search. Specifically, he contends that Trooper Lee's affidavit in support of the warrant is deficient in that it fails to establish the credibility or basis of knowledge of Lee's informant and fails to specify the time frame in which the informant acquired his knowledge of the marijuana at Evans' residence. When reviewing the ruling of a district court on a motion to suppress evidence, this Court applies the clearly erroneous standard to findings of fact and de novo review of the district court's legal conclusions.
 
 
 9
 In the instant case, the government concedes that the affidavit in support of the search warrant, standing alone, is insufficient to establish probable cause because it fails to state a basis for the credibility or reliability of the confidential informant. The government contends, however, that the General Sessions Judge was provided with sufficient oral testimony to establish probable cause at the time of the issuance of the warrant. In United States v. Shields, 978 F.2d 943, 945 (6th Cir.1992), this Court held that a search warrant issued by state authorities supported by an deficient affidavit may nevertheless be valid if the affiant provides the magistrate with sufficient oral information under oath to support a probable cause determination. The oral information need not be preserved by recording or stenography to be admissible in federal court, where the warrant was obtained by state officials and no federal officials were involved. Thus, this Court must determine whether the written affidavit, as supplemented by the oral testimony of Trooper Lee, establishes probable cause to issue the warrant.
 
 
 10
 Trooper Lee testified at the suppression hearing that he conveyed to the General Sessions Judge all of the information the two informants had given him. We have no doubt that under the totality of the circumstances test set out in Illinois v. Gates, 462 U.S. 213 (1983), the detailed information from the informant, if given to the judge under oath, would have provided the judge with a sufficient basis to make a probable cause determination. However, the record does not indicate that the lengthy conversation of the officer with the judge was under oath; the record indicates only that the information reduced to writing by the judge in the form of the affidavit was under oath. Accordingly, we cannot find the affidavit was sufficient to support the warrant.
 
 B. The Leon Good Faith Exception
 
 11
 Even if the affiant's oral statements to the issuing judge are insufficient to cure any defects in the affidavit, the exclusionary rule is not properly applied in this case because the officers executed the warrant in good faith. In Leon, the Supreme Court held that the exclusionary rule "should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." Leon, 468 U.S. at 905. Evans contends that the good faith exception cannot apply because the issuing judge ceased to function as a neutral and detached magistrate and because the warrant was so lacking in indicia of probable cause as to render the troopers' reliance on it unreasonable. We find that the District Court did not err in applying the good faith exception.
 
 1. Neutral and Detached Magistrate
 
 12
 Evans maintains that General Sessions Judge Zachary ceased to function as a neutral and detached magistrate, that he is not a lawyer, and that he is incompetent to make probable cause determinations. We find that the District Court did not err in concluding that Judge Zachary is a neutral and detached magistrate and is fully competent to make probable cause determinations.
 
 
 13
 In Leon, the Supreme Court stated that the good faith exception would not apply in a case in which the magistrate abandoned his role as a detached and neutral magistrate in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979), that is, by becoming involved in the investigation. In the instant case, there is no evidence that Judge Zachary became involved in the investigation or acted as a mere "rubber stamp." Prior to issuing the warrant, Judge Zachary questioned Trooper Lee for approximately forty-five minutes. Thus, even though the judge wrote out the affidavit, there is no basis to conclude that he did not evaluate the information before him objectively. Furthermore, nothing in the record indicates that Judge Zachary issued the search warrant before Trooper Lee's affidavit was prepared. Had this been the case, Evans might have had something to talk about.
 
 
 14
 Evans also fails to establish that Judge Zachary is incompetent to make probable cause determinations. "It has never been held that only a lawyer or judge could grant a warrant, regardless of the court system or the type of warrant involved." Shadwick v. Tampa, 407 U.S. 345, 348 (1972). Indeed, as the Supreme Court noted in Gates, warrants have "long been issued by persons who are neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature of 'probable cause.' " Gates, 462 U.S. at 235. In the instant case, the evidence is undisputed that the issuing judge has ten years of on-the-job experience and has issued search warrants before. Judge Zachary's lack of formal legal training, therefore, does not render him incapable of performing his duties. In fact, Judge Zachary's handling of the warrant request in this case indicates that he was and is quite capable of making probable cause determinations.
 
 
 15
 2. Warrant Lacking Indicia of Probable Cause
 
 
 16
 Evans also contends that the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." As discussed above, while writing out the affidavit, the General Sessions Judge failed to include any information regarding the credibility or reliability of the Trooper's informant, nor did he include the date on which the informant acquired his knowledge of the presence of marijuana in defendant's home. This omitted information, however, was provided to the judge through the oral testimony of Trooper Lee. As this Court has recognized, it is "objectively reasonable for law enforcement officers to believe that a flaw in a warrant application could be cured by responding under oath to questions by the judicial officer." Shields, 978 F.2d at 947. Here, Trooper Lee both helped execute the warrant and provided the information supporting the warrant to Judge Zachary. Thus, it was objectively reasonable for him to believe that his answers to Judge Zachary's questions cured any deficiencies in the written affidavit.[2] Consequently, we find that the warrant here is sufficiently supported by Trooper Lee's affidavit and oral statements and is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. To the contrary, we find that Trooper Lee's and the other officers' reliance on the warrant was entirely reasonable.
 
 III. Sufficiency of the Evidence
 
 17
 Defendant's final contention is that there was insufficient evidence for the jury to convict. When the sufficiency of the evidence is challenged on appeal, this Court considers the evidence as a whole, taken in the light most favorable to the prosecution, together with all legitimate inferences to be drawn therefrom, to determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In so doing, the court must not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989). In determining sufficiency, circumstantial evidence is entitled to the same weight as direct evidence. United States v. Frost, 914 F.2d 756, 762 (6th Cir.1990).
 
 
 18
 In this case, sufficient evidence exists to support Evans' conviction. The elements of the crime of possession with intent to distribute are (1) knowing (2) possession of a controlled substance with (3) intent to distribute. United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986). Possession may be actual or constructive. "To prove constructive possession, the evidence must indicate ownership, dominion, or control over the contraband itself or the premises ... in which the contraband is concealed.' " United States v. White, 932 F.2d 588, 589 (6th Cir.1991) (quoting United States v. Gordon, 700 F.2d 215, 217 (5th Cir.1983)). Additionally, "intent to distribute a controlled substance has been inferred solely from possession of a large quantity of the substance." White, 932 F.2d at 590 (quoting United States v. Franklin, 728 F.2d 994, 998 (8th Cir.1984)). The evidence presented by the government at trial is that Evans was caught red handed with several hundred marijuana plants growing in his house and that he made on the spot confessions. Additionally, Evans' neighbor, Roger Cross, an eye-witness, also testified against him. Taking this evidence in a light most favorable to the government, a rational trier of fact could find beyond a reasonable doubt that Evans possessed marijuana with intent to distribute it.
 
 IV.
 
 19
 Accordingly, defendant's conviction is AFFIRMED.
 
 
 
 [1]
 Honorable Henry R. Wilhoit, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [2]
 Additionally, a warrant based upon an affidavit lacking information as to the informant's credibility or reliability has been found to fall within the good faith exception of Leon. See, e.g., United States v. Hechavarria, 960 F.2d 736, 737-738 (8th Cir.1992) (reliability); United States v. Bishop, 890 F.2d 212, 217 (10th Cir.), cert. denied, 494 U.S. 1092 (1990) (reliability and credibility). Similarly, the good faith exception has been found to apply when the affidavit fails to disclose the date of the incident creating probable cause. United States v. Anderson, 851 F.2d 727 (4th Cir.), cert. denied, 488 U.S. 1031 (1989)