47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Louis ALLARD, Defendant-Appellant.
 No. 94-1370.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Louis Allard appeals his conviction and sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, Allard challenges the district court's denial of his motion to suppress evidence found during a search of his residence. For the reasons that follow, we affirm the district court's decision.
 
 
 2
 In January 1993, a confidential source informed Sergeant Allan Reed of the Michigan State Police that Allard was distributing large amounts of marijuana. The source indicated that he had purchased marijuana from Allard on ten to fifteen occasions, ranging in amounts from ten to seventy-five pounds, between 1985 and 1992. He also informed Reed that Allard had approximately sixty pounds of marijuana at his home in Fenton, Michigan. Using this information, Reed arranged for the informant to telephone Allard in order to purchase marijuana. On January 10, the call was made and the informant told Allard that he had found a buyer for Allard's marijuana. The next day, Reed escorted the informant to Allard's house for a controlled purchase of two pounds of marijuana. After this purchase, Reed applied for a search warrant with the assistance of Daniel Garber, Assistant Livingston County Prosecutor.
 
 
 3
 Reed and Garber faxed the search warrant application to a state magistrate for review. Reed swore to the affidavit attached to the application over the phone with the magistrate. The magistrate determined that probable cause existed, signed the warrant, and faxed a copy back to Reed. Once the signed warrant was received, it was executed at Allard's house, where police officers found one hundred sixty-one pounds of marijuana, two firearms, $18,000 cash, and drug paraphernalia. To this point, this was entirely a state investigation, conducted by members of the Livingston and Washtenaw Narcotics Enforcement Team; no federal investigators were involved.
 
 
 4
 On July 7, 1993, a federal grand jury returned a three-count indictment charging Allard with drug and firearm offenses against the United States. Among his pre-trial motions filed August 16, Allard moved to suppress all evidence seized from his house during the search warrant's execution. After the United States responded to these motions and Allard replied, the district court held a hearing on the motion to suppress. The court rejected Allard's argument, based on the time stamp from the faxed warrant, that the search occurred before the warrant was signed. The court also rejected Allard's claim that the warrant failed to state the place to be searched or items to be seized with particularity. The court then stated that it would issue an opinion and order resolving the other issues raised by Allard. Before this could be done, however, Allard filed another brief supplementing his motion to suppress.
 
 
 5
 On October 6, the district court denied Allard's motion to suppress the seized evidence. In doing so, it held that Rule 41 of the Federal Rules of Criminal Procedure applied only where a search warrant was sought by federal officers, that federal law governs the admissibility of evidence, and that the "good faith" exception precluded suppression under the circumstances of this case. Allard filed an interlocutory appeal of this decision which was dismissed as premature. Allard then pled guilty to count three of the indictment, possession with intent to distribute, on December 8, 1993. On March 28, 1994, Allard was sentenced to forty-six months' imprisonment. Pursuant to the plea agreement, he retained the right to appeal the denial of his motion to suppress and filed this timely notice of appeal on April 4, 1994.
 
 
 6
 On appeal, Allard makes several claims of error in the district court's decision denying his motion to suppress. Allard first claims that 18 U.S.C. Sec. 3102 controls the authority to issue search warrants in federal proceedings. He then alleges twelve violations of the requirements of Rule 41 of the Federal Rules of Criminal Procedure, and claims the district court erred in finding that Rule 41 did not apply because the warrant was executed by state officers. Next, Allard maintains that the evidence should have been suppressed because it was obtained in violation of state law, specifically that a magistrate is not authorized under Michigan law to issue a warrant via facsimile machine to search a residence. Allard then argues that, in the process of faxing the signed warrant to the officers, it became "truncated" and thus failed to describe the location or items to be seized with particularity. Finally, Allard contends that the "good faith" exception does not apply here. Although recognizing that the magistrate had the power to issue a warrant, he maintains that no warrant was actually "issued" here to be executed.
 
 
 7
 In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's factual findings, which are to be upheld unless clearly erroneous. See United States v. Coleman, 628 F.2d 961, 963 (6th Cir.1980). However, the district court's conclusions of law are subject to de novo review. See Whitney v. Brown, 882 F.2d 1068, 1071 (6th Cir.1989). In reviewing the district court's decision, we must view the evidence " 'in the light most likely to support the district court's decision.' " United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.1992) (quoting United States v. Gomez, 846 F.2d 557, 560 (9th Cir.1988)). When viewed in this light, we find Allard's arguments to be unpersuasive.
 
 
 8
 To begin, Allard's first two arguments are essentially the same: 18 U.S.C. Sec. 3102 simply refers to Rule 41 which establishes who is authorized to issue search warrants and the procedure to be followed in doing so. However, as we have previously noted, "by its terms Rule 41 does not apply in a case where no federal officers are involved." United States v. Shields, 978 F.2d 943, 946 (6th Cir.1992); Fed.R.Crim.P. 41(a). Thus, the district court was not required to apply the requirements of Rule 41 in analyzing a search warrant requested and executed by state officers and issued by a state magistrate. Indeed, "analysis of the validity of a warrant obtained, as in this case, by state officers for seizure of evidence ultimately used in a federal prosecution turns only on constitutional issues." Shields, 978 F.2d at n. 5. Allard's attempts to distinguish Shields from the instant case are ineffective, relying again on his allegations of Rule 41 violations. Here, Allard does not challenge the magistrate's impartiality or his finding of probable cause to issue the warrant, but rather points to what he alleges are individual violations of Rule 41. Because Rule 41 does not apply in situations like this, and because Allard raises no constitutional challenges to the warrant, his arguments fail in this regard.
 
 
 9
 Allard's next argument, that the evidence was obtained in violation of Michigan law and should therefore be suppressed, is also unavailing. First, Allard's reading of Michigan law seems unduly narrow. He relies on M.C.L. Sec. 780.651(3) to argue that Michigan law allows a state magistrate to issue a warrant by facsimile only for blood alcohol testing in connection with a traffic stop. However, that section begins by stating that "[a] judge may issue a written search warrant in person or by any electronic or electromagnetic means of communication." M.C.L. Sec. 780.651(3) (emphasis added). The later specification of a facsimile machine does not serve to limit its use. Further, even were Allard correct in his narrow reading of Michigan law, federal law, not state law, governs a search warrant's validity and the admissibility of evidence in a federal criminal proceeding. United States v. Wright, 16 F.3d 1429, 1434 (6th Cir.1994); Shields, 978 F.2d at 945-46; United States v. Allen, 954 F.2d 1160, 1167-68 (6th Cir.1992). Allard's examination of the faxing procedure used to issue the warrant in this case, concerned wholly with whether it violated state law, is thus irrelevant in determining its validity in federal criminal proceedings. See Wright, 16 F.3d at 1437 (holding that the fact that the search "may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended").
 
 
 10
 In analyzing the faxing procedure used here, Allard further argues that the warrant became "truncated" in its return to the state police officers and thus failed to meet the particularity requirements of the Fourth Amendment. However, the search warrant that was signed by the magistrate contained a complete description of the location to be searched and the items to be seized. Allard challenges only the warrant that was faxed back to the executing officers. Allard claims that the officers, lacking a detailed description in hand, were forced to conduct a general search, "a random, exploratory seizure." But, as the district court noted, this argument fails because the executing officers were also the investigating officers who drafted the search warrant application in the first place. Even assuming the warrant had been shortened in faxing it, the district court found that the officers knew the extent and scope of the signed warrant and complied with it. Allard does not challenge the officers' compliance with the warrant, but merely that they might have exceeded its scope because they did not have the entirety of the warrant with them. Yet, Allard does not refer this Court to any authority for the proposition that state officers executing a search warrant must have a true and correct copy of the warrant in hand during the search.
 
 
 11
 Finally, Allard contests the applicability of the "good faith" exception in this case. Allard argues that the search warrant here was not "issued" prior to its execution, and thus at that time there was no "warrant" for the officers to execute in good faith. In making this argument, Allard concedes that the magistrate had the judicial power to issue a warrant. Allard relies on the time stamped on the faxed copy of the warrant to contend that it had not yet been issued when the warrant was executed. However, the district court found that this was simply the result of the magistrate's not changing the time on his facsimile machine from daylight savings to standard time. Allard has not shown this finding to be clearly erroneous. Williams, 962 F.2d at 1221. Further, Allard's argument fails to refute the "good faith" exception articulated in United States v. Leon, 468 U.S. 897 (1984). In Leon, the court held that evidence is admissible so long as it is "seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate." Id. at 913. Because Allard does not contest the reasonableness of the officers' reliance or that the issuing magistrate was detached and neutral, under Leon, suppression of the evidence would not be required even were the warrant found to be invalid.
 
 
 12
 For the foregoing reasons, we AFFIRM the decision of the district court.