**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charlie PARKER, Defendant–Appellant.**

No. 99–6397.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2001.

Before NELSON, SILER, and CLAY, Circuit Judges.

NELSON, Circuit Judge.

Arrested for unlawful possession of firearms in violation of 18 U.S.C. § 922(g), the defendant moved to suppress evidence of the firearms on the ground that the search warrant pursuant to which they had been seized was not supported by probable cause. The district court denied the motion, whereafter a conditional plea of guilty was entered and the defendant was convicted and sentenced. Upon review, we conclude that there was no error in the denial of the suppression motion. The judgment of conviction and sentence will be affirmed.

I

Lexington, Tennessee, is located in a dry county. In December of 1998 Agent James Lawson, of Tennessee's Alcoholic Beverage Commission, received information from a Lexington police officer, Todd Bowman, that a confidential informant had purchased liquor at the residence of the defendant, Charlie Parker, who lived in Lexington. In support of an application for a search warrant, Lawson prepared a hand-written affidavit in which he averred that:

"Lexington Police Dept. Officer Todd Bowman (whom affiant knows to be a reliable person) who [sic] told this affiant that his (Bowman's) reliable, confidential informant had been on the premises described above [i.e., Parker's]

within the last 72 hours and that said informant stated to Officer Bowman that the informant had purchased intoxicating liquor from the hands of Charlie R. Parker while inside the residence. Officer Bowman also stated that this informant's information has lead to many arrests and convictions in the past."

The affidavit did not disclose that Lawson and Bowman had sought to corroborate the informant's allegations. They had in fact done so, however; the officers had driven the informant to Parker's residence, dropped him off, and picked him up after he had evidently succeeded in purchasing liquor from Parker again. The facts of the controlled buy were reported orally to General Sessions Judge Steve Beal, the magistrate to whom the officers applied for the search warrant.[1]

On New Year's Eve of 1998, warrant in hand, Agent Lawson and others raided Parker's house. Several bottles of liquor were discovered on the premises, along with two 12 gauge shotguns and a .22 caliber rifle. Parker being a convicted felon, he was charged with unlawful possession of a firearm in contravention of 18 U.S.C. § 922(g).

After his indictment on the firearms charge, Parker moved to suppress the weapons seized in the raid. The district court held an evidentiary hearing on the matter. At the conclusion of the hearing, acknowledging a measure of frustration over the lack of uniform standards in cases of this sort, the district court held that there was probable cause for the search. With the approval of the court and the consent of the Government, Parker then entered a conditional plea of guilty pursu-

---

1. Lawson's testimony suggests that the controlled buy was not mentioned to Judge Beal. Bowman testified to the contrary, however, and the district court credited Bowman's tes-

timony that the judge was informed of the buy. We cannot say that the district court's credibility determination was clearly erroneous.

ant to Rule 11(a)(2), Fed.R.Crim.P. In due course he was convicted and sentenced, and the timely filing of a notice of appeal has now brought the case here.

## II

■ A district court's denial of a motion to suppress evidence generally involves questions of fact, the resolution of which is subject to review under a "clearly erroneous" standard. The evidence presented on a suppression motion is to be examined "in the light most likely to support the district court's decision." *United States v. Williams*, 962 F.2d 1218, 1221 (6th Cir.), *cert. denied*, 506 U.S. 892, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992); see also *United States v. Blevins*, 2000 WL 1597821 (6th Cir. Oct. 20, 2000). Review of the trial court's disposition of questions of law is, of course, conducted *de novo*. See *Williams*, *id.*

### A. PROBABLE CAUSE

■ Was Judge Beal, the issuing magistrate, entitled to factor the controlled buy into the probable cause calculus? Although the officers (or one of them) orally told the judge about the controlled buy, it was not mentioned in Agent Lawson's sworn affidavit.

■ If we assume that the officer was under oath when he told Judge Beal about the controlled buy, the information thus imparted was clearly entitled to consideration. See *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir.), *cert. denied*, 513 U.S. 907, 115 S.Ct. 274, 130 L.Ed.2d 192

(1994).[2] If we assume that the officer was not under oath, however, our caselaw teaches that the information would have to be disregarded. Probable cause affidavits are not to be supplemented with unsworn statements. See *Tabasko v. Barton*, 472 F.2d 871, 874 (6th Cir.1972), *cert. denied*, 412 U.S. 908, 93 S.Ct. 2288, 36 L.Ed.2d 974 (1973).

The record before us does not disclose whether the supplemental statement made to Judge Beal was given under oath. Neither party raised this issue in the district court, and we shall pretermit the question here. Without so deciding, we shall assume for purposes of this opinion that the statement was not sworn. On the same basis, we shall assume that, standing alone, Officer Lawson's affidavit was insufficient to show probable cause.

### B. GOOD FAITH RELIANCE

■ Mr. Parker would have us suppress the seized evidence under the "exclusionary rule" that the courts have developed in an effort to put teeth in the Fourth Amendment. See *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). But the courts have developed a "good faith" exception to the exclusionary rule, see *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and we address that exception now.

The test prescribed by *Leon* is "whether a reasonably well' trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n. 23. Mr. Parker argues that,

---

**2.** Mr. Parker maintains that Tennessee law precludes the consideration of facts outside the affidavit. See *State v. Henning*, 975 S.W.2d 290, 295 (Tenn.1998). The validity of a search warrant under the Constitution of the United States, however, is governed by federal law regardless of any conflict with state law. See *Clyburn*, 24 F.3d at 614–17, and *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir.), *cert. denied*, 512 U.S. 1243, 114 S.Ct. 2759, 129 L.Ed.2d 874 (1994) ("The fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended").

based on the facts available to the arresting officers, a reasonably well trained officer could not have concluded that it would be lawful to execute the search warrant. We disagree.

■ Our recent Fourth Amendment decisions teach that to establish probable cause for issuance of a search warrant on the basis of information furnished by an informant, the applicant for the warrant must provide evidence of the informant's reliability. See, *e.g., United States v. Allen,* 211 F.3d 970 (6th Cir.)(en banc), *cert. denied,* 531 U.S. 907, 121 S.Ct. 251, 148 L.Ed.2d 181 (2000); *United States v. Williams,* 224 F.3d 530 (6th Cir.2000), *cert. denied,* ─── U.S. ───, 121 S.Ct. 821, 148 L.Ed.2d 704 (2001). In *Williams,* as in the case at bar, the affidavit offered in support of the application for a warrant was very short. The identity of the informant was not disclosed, but oral testimony given by the officers attested to the informant's reliability. *Id.* at 533. The combination of the affidavit and the testimony was held sufficient to satisfy the probable cause requirement.

The affidavit in the case at bar, as we have seen, attested to the informant's past reliability and described a recent purchase of contraband at Mr. Parker's residence. In addition, as we have also seen, the judicial officer from whom the warrant was being sought was told of the controlled buy that was made shortly before presentation of the application for a warrant. The independent corroboration of the informant's allegations through the controlled buy tended to confirm the informant's story, and it obviously gave the officers and Judge Beal good reason to believe that a search would uncover additional illegal alcohol.

In a factual setting similar to this, we have held *Leon* applicable. See *United States v. Evans,* 12 F.3d 215, 1993 WL

476983 (6th Cir. Nov. 18, 1993). There the officer gave the magistrate an oral statement that was adequate to show probable cause. The magistrate summarized the oral statement in an affidavit which the government conceded was insufficient standing by itself. The record did not disclose whether the officer's oral statement had been made under oath. *Id.* at *3. Despite the cursory affidavit, and notwithstanding the possibility that the oral statement was not sworn, we held that the officer could rely on the warrant. *Id.* at *4.

A similar result is called for, we believe, in the case at bar. Here the officers and the judge knew of the informant's very recent purchase of contraband from Mr. Parker's residence. There was no reason to suppose that Mr. Parker had subsequently moved his bootlegging operations away from his house. See *United States v. Fairchild,* 940 F.2d 261, 264–65 (7th Cir. 1991) (holding that reliance on the apparent validity of the warrant was objectively reasonable when the informant had recently witnessed the illegal possession and the officers had no reason to believe that the drugs had been removed). The magistrate's presumed error in failing to require sworn testimony is not chargeable to the officers. See *Leon,* 468 U.S. at 921 ("Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations"). The facts known to the officers and described to Judge Beal were fully sufficient to establish probable cause, and the officers could, in objective good faith, rely on the warrant which the judge saw fit to issue.

AFFIRMED.

CLAY, Circuit Judge, Dissenting.

Defendant appeals the district court's judgment sentencing him to 66 months

imprisonment on a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The sentence was imposed after the district court denied the defendant's motion to suppress evidence; the defendant contends that the warrant authorizing the search of his residence was not supported by probable cause and, further, that the search could not be saved by the good faith exception to the exclusionary rule.

The search warrant in question was issued for a residence wherein intoxicating liquor was allegedly being purchased in a county in Tennessee which bans the sale of liquor. The warrant was issued based upon an affidavit of an Agent Lawson of the Tennessee Alcohol Beverage Commission who relied upon assurances from an Officer Bowman that a reliable informant had furnished information concerning the illegal sale of liquor at the location in question. Agent Lawson's affidavit was a bare bones affidavit indicating that the "reliable, confidential informant" had purchased intoxicating liquor from an individual at the residence within the last 72 hours. The affidavit was not particularized, was lacking in specificity, and failed to indicate that there were any other sales at that location, or that the informant had observed any evidence of illegal sales on the premises, or had reason to believe that the illegal activity was continuing at the residence. Moreover, the alleged additional statements, which were apparently made by Officer Bowman and not Agent Lawson—the actual affiant in this case—cannot be used to support the bare bones affidavit because there is no evidence that these statements were sworn. Although the majority acknowledges that we may not consider these additional statements, it somehow reaches the conclusion these statements "gave the officers and Judge Beal good reason to believe that a search would uncover additional illegal alcohol."

The majority therefore applies the *Leon* "good faith" exception to save the fruits of this otherwise illegal search.

I believe the good faith exception would not save the invalid warrant inasmuch as the affidavit was so lacking in indicia of probable cause as to render official belief in the existence of probable cause objectively unreasonable. The majority opinion states that "there was no reason to suppose that Mr. Parker had subsequently moved his bootlegging operations away from his house." But this argument overlooks the point that there is no indication in the record that Defendant even had a "bootlegging operation" at his residence in the first place. One transaction does not an operation make. Although our *en banc* decision in *Allen* allowed some departure from the requirements of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), *Allen* does not completely repudiate our holding in *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir.1996). In suppressing the fruits of a search in *Weaver*, we noted that the affidavit lacked probable cause to believe that any marijuana previously observed by an informant would be left to be discovered by a search because the affidavit contained no mention of the quantity of drugs observed. *Id.* at 1378. Likewise, in the case at bar there are serious deficiencies in the affidavit inasmuch as it fails to demonstrate the likelihood of any contraband being on the premises at the time a warrant would be executed. The confidential informant did not reveal to the officers any information regarding the quantity of liquor on the premises. And there was no other indication either in the affidavit or in the alleged additional statements that Defendant had some supply of illegal alcohol at his home. Thus, there was no evidence or even an allegation of continuing illegal activity on the premises, and no inference could be drawn that there would be any contraband

on the premises at the time the warrant was executed.

As I read the majority opinion, it holds that the officers' and magistrate's knowledge of the alleged additional statements regarding the controlled buys provided probable cause while simultaneously holding that consideration of these statements by the magistrate was impermissible because they were unsworn. Even if this proposition could pass logical muster, it is unworkable as a practical matter. The record is unrebutted that the magistrate issuing the warrant makes it a practice to refuse to consider oral statements outside the affidavit in making his probable cause determinations. Furthermore, the magistrate was precluded from considering such statements under Tennessee law. *See State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim.App.1992) ("[I]n Tennessee, probable cause to support the issuance of the warrant must appear in the affidavit and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant."). These facts make it unlikely that the officers could believe that unsworn statements were considered by the issuing magistrate and even raise doubt as to whether these alleged statements were made at all.

The record clearly shows that Officer Bowman and Agent Lawson each had a completely different factual version of the controlled buy. Agent Lawson testified at the suppression hearing that he and Officer Bowman, along with two other officers, drove the confidential informant within a few hundred feet of Mr. Parker's residence and let him out on the street, at which point they drove around the block and picked him up a few moments later. Agent Lawson further testified that he did not see the informant go into Parker's house and that he was not really

sure which house he actually entered. But after a ten-day recess, Officer Bowman testified that the officers dropped the informant off in the driveway and that he actually saw the informant go to the residence. This overt discrepancy in the testimony on such a controlling point requires more than a mere credibility determination by the magistrate below; under the circumstances, the discrepancy actually calls into question the basis for the probable cause determination. It is unclear why the prosecutor did not attempt to explain or justify why Agent Lawson's testimony conflicted with that of Officer Bowman on such a crucial point. Further, we do not have the benefit of any indication from the issuing magistrate as to the circumstances surrounding his decision to issue the warrant. There is simply nothing on this record to justify the majority's conclusion that the officers can be said to have relied in good faith upon the warrant.

For the foregoing reasons, I would suppress the evidence, and I therefore respectfully dissent.