**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Noe MARALES, Jr., Defendant–**
**Appellant.**

No. 00–5465.

United States Court of Appeals,
Sixth Circuit.

April 30, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

### ORDER

Noe Marales, Jr., appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Marales entered a conditional guilty plea to one count of possession of marijuana with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 24 months of imprisonment to be followed by two years of supervised release.

In his timely appeal, Marales argues that the district court erred by denying his motion to suppress because state authorities violated Fed.R.Crim.P. 41 by executing a search warrant of his motel room at

5:41 a.m., without prior authority to execute the warrant during nighttime hours.

■ With motions to suppress, we uphold the factual findings of the district court unless they are clearly erroneous; the court's legal conclusions we review de novo. *United States v. Watkins,* 179 F.3d 489, 494 (6th Cir.1999). In denying Marales's motion to suppress, the district court concluded that, because no federal agents were involved in the search, Fed. R.Crim.P. 41 was not applicable. Nevertheless, the court also concluded that, if it was assumed that Rule 41 did apply, the state officers committed a de minimis violation of the rule because they entered the motel room at 5:41 a.m.–only nineteen minutes before daytime hours began. *See* Fed.R.Crim.P. 41(h) (stating that "daytime" begins at 6:00 a.m.).

■ Upon review, we conclude that the district court did not err. When federal officers are not involved in obtaining or executing a challenged search warrant, Rule 41(a) does not apply. *See United States v. Bennett,* 170 F.3d 632, 635 (6th Cir.1999); *United States v. Shields,* 978 F.2d 943, 946 (6th Cir.1992). It is undisputed that no federal officers or agents participated in obtaining or executing the warrant that authorized the search of Marales's motel room.

Accordingly, the district court's judgment is affirmed.

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.