**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Bernard LOGGINS,**
**Defendant-Appellant.**

No. 85–1328.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 30, 1985.

Decided Nov. 21, 1985.

Edward F. Bell, argued, Detroit, Mich., for defendant-appellant.

Gary Maveal, argued, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before ENGEL, KENNEDY and KRU-PANSKY, Circuit Judges.

PER CURIAM.

Defendant Kenneth Loggins was indicted on one count of knowingly and intentionally possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). When the case came to trial on January 21, 1985, defendant filed a motion to quash the search warrant and suppress evidence seized pursuant to it on the ground that the affidavit in support of the warrant was insufficient to establish probable cause. The District Court denied the motion, finding that the affidavit, taken "as a whole," supported issuance of the warrant. Defendant then stipulated to the government's offer of proof of facts establishing that defendant had knowingly possessed heroin with intent to distribute as charged, reserving his right to appeal denial of his motion to suppress. The District Court found that the stipulated facts supported a finding of guilt beyond a reasonable doubt. Defendant was sentenced to two and one-half years imprisonment.

Defendant raises a single issue on appeal: that the affidavit in support of the warrant failed to establish probable cause to search defendant's residence at 20100 Braile Street, Detroit, Michigan, under the current interpretation of the fourth amendment's prohibition against unreasonable searches and seizures.

The affidavit reveals that Officer Anderson, the affiant, sought a warrant on the basis of information gathered on four days in October, 1983. On October 4th, Anderson and other officers of the narcotics section began surveillance of the corner of 15th and McGraw Streets in Detroit in response to a complaint of heavy drug trafficking in the area. During the surveillance, Anderson saw five young men (referred to in the affidavit as "runners") wave to passing cars. Some of the cars would pull over, and the runners would go to the side of 15th Street, open a bag and remove envelopes from it and take the envelopes to the waiting vehicles. Anderson and the others observed this activity throughout the day and up to ten times in one hour.

On October 7th,[1] Anderson received information from a confidential informant whom he knew to be reliable and credible because in more than ten narcotics cases the informant had supplied information which Anderson had verified independently. The informant told Anderson that heroin was being distributed from 6020 16th Street. Anderson and other officers conducted a surveillance at that address and saw runners go to that house after conducting transactions similar to those observed on October 4th on the corner referred to above. The youths would go inside the 16th Street house for a few minutes, come out and return to 15th and McGraw. Anderson observed this several times during a three- to four-hour period.

On October 24th, Anderson observed four or five runners outside 6020 16th Street. A gray van drove up, and runners went to it. The defendant Loggins got out with a brown paper bag, and everyone went into the house. In about ten minutes, the runners returned to the corner and resumed their activity. Anderson then followed Loggins to 20100 Braile Street and observed him entering the house. The van he was driving was registered to him at that address. A complaint from an anonymous source had alleged that 20100 Braile might be a "stash house" for narcotics.

On October 27, Anderson saw the defendant leave the house on Braile Street in possession of a paper bag and drive to 6020 16th Street. Still carrying the bag, he entered the house with the runners. The runners soon left the house and resumed activity at 15th and McGraw. When the defendant exited 6020 16th, he had no bag.

Additionally, the affidavit notes that the defendant had been arrested in 1977 for delivery of heroin.

---

**1.** Because the events described in the affidavit appear to be in chronological order, the October 7 and October 4 dates were apparently transposed in the affidavit.

Anderson met with the informant and provided funds for the purchase of the substance being sold. Preliminary testing indicated it was heroin. The warrant was issued by a magistrate of the 36th District Court in Detroit on October 28, 1983. The warrant was executed at 20100 Braile Street and the search produced heroin, drug paraphernalia, and a rifle, as well as clothing and the defendant's driver's license. A search of the defendant revealed cash and a "RAM" beeper.

■ The defendant mistakenly contends that Michigan law, which arguably establishes a more stringent standard for a probable cause determination than federal law after *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), should be consulted in this case. The "silver platter" case, *Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), prohibited the federal government from using evidence obtained by state officers in violation of federal law against a defendant in federal court. The Court held that:

> a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.

364 U.S. at 224, 80 S.Ct. at 1447. The fact that Michigan law may now require greater protection against searches and seizures than the fourteenth amendment is of no avail to a defendant in federal court, under prosecution for a federal crime.

The standard of review in this case is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited. *Gates, supra,* 462 U.S. at 236, 103 S.Ct. at 2331. This Court has recognized that an " 'after-the-fact scrutiny' of a magistrate's finding of probable cause should not take the form of *de novo* review." *United States v. Savoca,* 739 F.2d 220, 224 (6th Cir.1984). Furthermore, the magistrate's determination "should be afforded great deference...." *United States v. Algie,* 721 F.2d 1039, 1041 (6th Cir.1983). However, the reviewing court must assure that the magistrate's action was not a "mere ratification of the bare conclusions of others." *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332.

Probable cause exists when there is a "fair probability," given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place. *Gates* at 238, 103 S.Ct. at 2332. The rigid two-pronged test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1963), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), has been abandoned. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. In the instant case, defendant argues that the only information cited in the affidavit relating to 20100 Braile Street which would tend to uphold the probable cause determination is that defendant was seen leaving that address with a brown paper bag and that an anonymous tip had suggested that the address might be a "stash house."

■ We disagree. Under a *Gates* analysis the magistrate did have a substantial basis for finding probable cause based on the affidavit, given the totality of the circumstances. The affidavit established that heroin was being sold at 15th and McGraw by runners who were getting their supply from 6020 16th Street. It was reasonable to conclude that the 16th Street address also had to be supplied to keep the distribution going. Defendant's possible delivery on October 24th when he entered the 16th Street house with a brown bag was reinforced by his bringing another brown bag from his home on Braile on October 27th. There was at least a fair probability that the Braile Street address was the stash house location. The ongoing nature of this heroin distribution business made it probable that there was more her-

oin stored there to supply continuing needs.[2]

For the reasons set out above, we affirm the District Court's denial of defendant's motion to quash the search warrant and suppress the evidence.

---

**2.** We note that under *United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), even if the warrant were ultimately found to be invalid, the evidence would not be suppressed if the searching officer acted in reasonable reliance on the warrant and the warrant was issued by a detached and neutral magistrate. On the record there is no evidence that Officer Anderson's reliance was anything but reasonable or that the magistrate was not detached and neutral.