963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard ISATALA, Defendant-Appellant.
 No. 91-1471.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction in a drug case. The defendant contends (1) that the district court erred in failing to suppress evidence discovered in searches authorized by warrants obtained on the strength of affidavits that are claimed to have been insufficient to establish probable cause, and (2) that the district court misapplied the United States Sentencing Guidelines in calculating his base offense level and enhancing his sentence two levels for the possession of firearms. We do not find the first argument persuasive. We agree that the base offense level was miscalculated, however, and we shall remand the case for resentencing on that ground.
 
 
 2
 * The defendant, Richard Isatala, operated an extensive marijuana business on his farm in Michigan. He not only grew his own marijuana plants, but he scientifically cross-bred some of the seeds in order to produce a very potent crop. He employed other people to help him grow and distribute marijuana.
 
 
 3
 Michigan officials suspected that Isatala had been involved in the illegal distribution of drugs for some years. In 1986 the state authorities conducted several aerial fly-overs of Isatala's property. The state authorities then applied to a Michigan court for a warrant to search Isatala's property.
 
 
 4
 The supporting affidavit stated, among other things, that during a fly-over one of the detectives had observed plant material with the color and configuration of marijuana in a greenhouse located on Isatala's property. A search warrant was issued as requested.
 
 
 5
 A search of Isatala's property was conducted in May of 1986. Marijuana, money, firearms, and other drugs and drug paraphernalia were discovered in the course of the search.
 
 
 6
 Criminal charges were brought against Isatala in state court. Isatala filed a motion to suppress the evidence seized during the search, contending that the affidavit offered in support of the search warrant was either false or made with a reckless disregard for the truth. The Michigan court then held a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to determine whether the assertions in the affidavit were truthful. At the outset it was agreed that the affidavit would be insufficient to establish probable cause without the assertion of the detective that he had spotted what looked like marijuana plants during the fly-overs. After conducting its own fly-over, the state court concluded that the detective's assertion had been made in reckless disregard of the truth, at least insofar as what was said about the configuration of the plant material was concerned. The court therefore suppressed the evidence found in the search. The criminal charges against Isatala were subsequently dismissed.
 
 
 7
 Isatala continued to operate his business, cultivating and distributing marijuana from seeds that had not been seized. In January of 1989 one of Isatala's employees, Duane Wolfgang, approached a DEA agent and offered to act as an informant and to assist in the capture of narcotic violators, including Isatala. On January 31 and February 1, 1989, Wolfgang made controlled buys of marijuana from Isatala. In May of 1989 Wolfgang attempted to make a third controlled buy, but Isatala was out of the drug and gave him approximately 100 marijuana seeds instead. In June of 1989 Wolfgang turned over to the DEA agent 15 potted marijuana plants that Isatala had given to him to cultivate.
 
 
 8
 On July 17, 1989, a DEA agent applied for a warrant to search Isatala's property. An accompanying affidavit referred to the 1986 search and some of the items discovered at that time. The affidavit also said that the evidence had been suppressed by a state court judge on state law grounds. The affidavit included statements made by Wolfgang (who was identified as DEA-1). Based upon the information in the affidavit, a U.S. magistrate issued a search warrant. The warrant was executed on July 19, 1989, and marijuana plants and seeds and drug paraphernalia were again discovered.
 
 
 9
 A federal grand jury indicted Isatala for, among other things, conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and possession of marijuana with intent to distribute it in violation of 28 U.S.C. § 841(a)(1). Prior to trial, Isatala moved the district court to suppress the evidence seized during the 1986 and 1989 searches. The government argued that even without the averments in the 1986 affidavit that the detective had spotted marijuana, the affidavit was sufficient to establish probable cause. The district court held a hearing and ruled that there was enough information apart from the detective's statements to establish probable cause for the 1986 warrant. The court found that there was ample evidence to support the 1989 search as well. Isatala's motion to suppress the evidence was therefore denied.
 
 
 10
 A jury found Isatala guilty on eight of the ten counts in the indictment. A presentence report prepared by a probation officer recommended that Isatala's base offense level be calculated pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1(c), which became effective on November 1, 1989. The probation officer attributed 1,000-3,000 kilograms of marijuana to Isatala, which produced a base offense level of 32. The officer also recommended a two-level enhancement under § 2D1.1(b)(1) for possession of two firearms. Isatala objected to the two-level enhancement, but he raised no objection to the calculation of his base offense level under the November 1989 guidelines. The district court accepted the probation officer's recommendation on calculation of the guideline range (imprisonment for 151 to 188 months), and imposed a sentence of 188 months. This appeal followed.
 
 II
 
 11
 Isatala first contends that the district court ought to have granted his motion to suppress evidence obtained through the 1986 and 1989 search warrants.
 
 
 12
 The analysis for both warrants is the same. In situations such as that presented here, Elkins v. United States, 364 U.S. 206 (1960), teaches that the federal courts must make an independent examination, under federal law, of a search warrant issued by a state court. "The standard of review in this case is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." United States v. Loggins, 777 F.2d 336, 338 (6th Cir.1985). This review does not require a de novo examination of the sufficiency of the affidavit; a reviewing court should accord "great deference" to a magistrate's determination of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983); United States v. Pelham, 801 F.2d 875, 877 (6th Cir.1986), cert. denied, 479 U.S. 1092 (1987). Probable cause has been defined as a "fair probability" based upon a "totality-of-the-circumstances" that a search warrant would uncover contraband or evidence of wrongdoing. Loggins, 777 F.2d at 338.
 
 
 13
 Isatala contends that without the averment concerning the marijuana allegedly spotted from the air, the remaining averments in the 1986 affidavit were insufficient to establish probable cause. In addition, he contends that the averments in the affidavit were stale. We disagree with both contentions.
 
 
 14
 Probable cause may be found even though the affidavit contained false declarations if the remaining declarations are sufficient. United States v. Campbell, 878 F.2d 170 (6th Cir.), cert. denied, 493 U.S. 894 (1989). Here, we believe, the remaining declarations in the affidavit did establish probable cause. The affidavit established that in 1978 a chemical company reported that Isatala had bought 20 gallons of ether, which is known to be used in producing hashish. The affidavit also disclosed that Isatala's neighbors complained that there was marijuana growing on the property adjacent to his. The affidavit said further that Isatala was able to afford home improvements and did not have any outstanding liens on his property, even though, as evidenced by his failure to file state tax returns, he had no legitimate employment. It was also shown that there was stainless steel equipment on the property that would be unusual for an agricultural operation but consistent with producing marijuana. The affidavit further said that a car belonging to a known drug trafficker was seen parked in Isatala's driveway. Given the totality of this information, there was at least "a fair probability" that a marijuana operation was taking place.
 
 
 15
 The information in the first affidavit was not stale. "[I]nformation which demonstrates a chain of related events covering a broad span of time continuing to the current period may furnish a most reliable indicia [sic] of present activity, thereby clearly demonstrating that probable cause exists for the order to intrude." United States v. Henson, 848 F.2d 1374, 1382 (6th Cir.1988), cert. denied, 488 U.S. 1005 (1989), quoting United States v. Haimowitz, 706 F.2d 1549, 1554-1555 (11th Cir.1983) (citations omitted). In the case at bar, the affidavit demonstrated a "chain of related events" concerning continuous marijuana activities. The first affidavit detailed matters from 1978 to 1986 that were consistent with cultivating and distributing marijuana. The second affidavit detailed Isatala's subsequent operations, culminating in the controlled buy that took place in January of 1989 and the transfer of marijuana seeds in the spring of 1989. It was also shown that Wolfgang visited Isatala's home in July of 1989 and reported that he had observed 600 marijuana plants. It was not unreasonable for the magistrate to conclude that evidence of marijuana operations would be found in the search.
 
 III
 
 16
 Next, Isatala claims that the district court erred in calculating his base offense level under the November 1989 edition of the United States Sentencing Guidelines. All of Isatala's crimes occurred prior to November 1, 1989. Under the version of the guidelines in effect at the time Isatala committed his crimes, the adjusted offense level would have been 28 rather than 34; were it not for the statutory mandatory minimum referred to hereafter, the sentencing range would have been 78-97 months rather than 151-188 months.
 
 
 17
 Although Isatala failed to raise this issue at the time of sentencing, the government has conceded that a remand for resentencing would be appropriate here. See United States v. Nagi, 947 F.2d 211, 213 n. 1 (6th Cir.1991), petition for cert. filed (March 9, 1992). In ordering the remand, we note that under 21 U.S.C. § 841(b)(1)(A)(vii) the defendant must receive a sentence of at least 120 months. This makes it unnecessary for us to decide whether the district court properly enhanced Isatala's offense level for possession of firearms. Even with the enhancement, the pre-November 1989 guideline range would be less than the 120-month mandatory minimum.
 
 
 18
 For the reasons stated, the defendant's conviction is AFFIRMED, his sentence is VACATED, and the case is REMANDED for resentencing.