85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kerney FLOWERS, Defendant-Appellant.
 No. 95-1466.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1996.
 
 Before: SUHRHEINRICH and COLE, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Kerney Flowers challenges his conviction and sentence pursuant to a guilty plea for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846; possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2; and using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c). We AFFIRM.
 
 I.
 
 2
 Based on information from a confidential informant, DEA agents obtained search warrants for defendant's residence and the apartment of his girlfriend, Jacqueline Ulmer. From Ulmer's apartment, agents seized approximately thirteen kilograms of cocaine, a hydraulic press used to package cocaine, several guns and other material. Agents later searched defendant's residence, where they seized documents and a cache of firearms. Ulmer eventually agreed to cooperate with the government and entered a plea agreement requiring her to testify. She revealed that the cocaine, guns and hydraulic press seized from her apartment all belonged to defendant.
 
 
 3
 Defendant was indicted on charges of conspiracy to possess cocaine with intent to distribute and possession with intent to distribute. A superseding grand jury indictment added the third count of using and carrying of firearms in relation to drug trafficking. Defendant moved to suppress the evidence seized in the searches on grounds that the government did not have probable cause for either warrant and that both warrants were unconstitutionally broad. The district court denied defendant's motion after conducting a hearing and reviewing evidence.
 
 
 4
 Defendant originally pled not guilty, but changed his mind just prior to the government's opening statement. The parties negotiated a plea agreement which defendant understood would be conditioned on his right to appeal the denial of his motion to suppress. Because the jury had not yet been dismissed, the parties orally informed the court of the terms of the plea with a written Rule 11 plea agreement to follow at a later date.
 
 
 5
 Under the terms of the agreement as stated in open court, defendant was to plead guilty to conspiracy to possess with intent to distribute, and the government would dismiss the remaining two counts. The government agreed to a "cap of 13 years, which is 156 months, the equivalent of the guideline level of 33, which is the applicable guideline range ... 13 kilograms of cocaine, and a two-point enhancement for possession of firearms." The agreement as presented to the court was not conditional.
 
 
 6
 The district court questioned defendant, accepted the plea and dismissed the jury. Defendant was released on August 10, 1994, and ordered to report again in twenty-one days. Defendant failed to report and the court issued a warrant for his arrest. Defendant was eventually arrested on October 27, 1994.
 
 
 7
 On December 13, 1994, the district court granted the motion of defendant's first attorney to withdraw as counsel for defendant. Present defense counsel subsequently entered an appearance and moved on behalf of defendant to withdraw the guilty plea on January 19, 1995. Defendant argued that he thought he had negotiated a conditional plea, but the plea agreement submitted orally to the court was not conditional. The government agreed to draft the written plea agreement as a conditional plea agreement, but by the time of defendant's motion to vacate the plea he refused to sign such an agreement. Defendant maintained that the plea originally presented to the court was not understood by defendant at the time it was accepted and therefore not voluntary.
 
 
 8
 The district court found no prejudice and denied the motion to withdraw the plea. The district court noted that because the government agreed that the plea would be conditional, defendant had the advantage of the plea agreement for which he bargained. The district court sentenced defendant to 151 months imprisonment, the bottom of the calculated guideline range of 151 to 188 months, followed by five years supervised release.
 
 II.
 A. Motion to Withdraw Guilty Plea
 
 9
 Defendant's first argument on appeal is that he should be allowed to withdraw his plea because ineffective assistance of counsel made his plea involuntary. We will consider an ineffective assistance of counsel claim on direct appeal only when, as in this case, the record is adequate to assess the merits of the defendant's allegations. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). We review denial of defendant's motion for abuse of discretion. United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir.1991), cert. denied, 502 U.S. 1117 (1992). The district court's factual determinations are reviewed for clear error, and the issue of ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987).
 
 
 10
 We are persuaded that defendant had able assistance of counsel and knowingly entered the conditional plea agreement eventually accepted by the district court. As noted by the district court, the plea agreement was the product of detailed negotiations among the government, defendant, and his attorney. Moreover, at the plea hearing, defendant stated that he was making the plea of his own free choice and had been adequately advised by his attorney. He admitted that he was responsible for bringing cocaine into Michigan and distributing it. Ultimately, defendant had the advantage of a conditional plea, and failure to immediately submit that aspect of the agreement to the court did not affect his substantial rights. Fed.R.Crim.P. 11(h); United States v. Stead, 746 F.2d 355, 356 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985) (Rule 11(h) requires reversal only where trial court violates substantial right of defendant in accepting guilty plea).
 
 
 11
 Cases relied upon by defendant are distinguishable. Each involves a defendant who was deprived of a benefit of the plea agreement as understood by the defendant when accepted by the court. See, e.g., United States v. Syal, 963 F.2d 900, 906-07 (6th Cir.1992) (defendant not aware of supervised release period); United States v. Cortez, 973 F.2d 764, 765 (9th Cir.1992) (defendant's mistaken belief, because of misrepresentation of counsel, that unconditional plea allowed him to appeal certain claim rendered plea involuntary). On the facts before us, we cannot say that the district court abused its discretion by denying defendant's motion. Any technical error committed by the district court in accepting the plea agreement orally was also harmless because it had no effect on defendant's substantial rights. Syal, 963 F.2d at 904.
 
 B. Motion to Suppress
 
 12
 Defendant argues that the district court erred in denying his motion to suppress because (1) the supporting affidavits, relating information provided by a confidential informant, did not establish the credibility and reliability of the informant; and (2) the affidavits did not demonstrate probable cause.
 
 
 13
 Defendant claims that the informant's track record was insufficient to establish credibility and reliability because he had previously provided only one successful tip. Defendant ignores, however, independent investigation corroborating the informant's reports. For example, telephone records showing calls to Houston matched information that defendant was smuggling drugs from Houston to Detroit; a monitored telephone conversation confirmed that Ulmer was storing cocaine for defendant at her residence; and drugs seized in other raids were marked with the word "Clinton," as the informant had reported defendant's distributions were marked.
 
 
 14
 Based on these corroborating facts, the informant's credibility and reliability were sufficient to support a finding of probable cause. United States v. Smith, 783 F.2d 648, 650-51 (6th Cir.1986) (upholding warrant based on tip from informant used in only one prior case where independent investigation partially corroborated information). In light of the totality of the circumstances, the magistrate's decision was supported by a substantial basis. Illinois v. Gates, 462 U.S. 213, 233-34 (1983); United States v. Davidson, 936 F.2d 856, 859 (6th Cir.1991) (citing United States v. Loggins, 777 F.2d 336, 338 (6th Cir.1985) (per curiam)).
 
 
 15
 C. Firearm Enhancement and Motion for Downward Departure
 
 
 16
 Defendant argues that the district court erred in assessing him a two-point enhancement for possession of a firearm during his drug crime under U.S.S.G. § 2D1.1. Defendant overlooks the fact that the parties agreed to the two-point enhancement in the plea agreement. Defendant's contention that the firearm enhancement was improper is without merit.
 
 
 17
 Defendant also assigns error to the district court's denial of his motion for a downward departure for aberrant behavior. We lack jurisdiction over this issue. The sentence imposed is within the correctly calculated range. There is no indication in the record that the district court believed it lacked the authority to depart downward. United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). Therefore, we do not consider defendant's argument that a departure should have been granted.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM defendant's conviction and sentence.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation