RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0050p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————————

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

          *v.*                                          No. 09-6078

REGINALD ELLISON, SR.,
                    *Defendant-Appellant.*

———————————————

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 08-00261-001—Thomas A. Wiseman, Jr., District Judge.

Decided and Filed:  February 11, 2011

Before:  SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

———————————————

**COUNSEL**

———————————————

**ON BRIEF:**  Michael J. Flanagan, Nashville, Tennessee, for Appellant.  Sunny A.M. Koshy, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

———————————————

**OPINION**

———————————————

ROGERS, Circuit Judge.  The only issue in this direct criminal appeal is the validity of a search warrant.  The warrant was based on an affidavit describing a suspicious transaction observed by a confidential informant outside the house to be searched, and the only aspect of the warrant that the defendant challenges is the sufficiency of the nexus between the incriminating evidence and the place to be searched.  Defendant Ellison was convicted of various federal drug and firearm offenses based on evidence discovered and seized pursuant to the warrant.  Because the warrant

1

averred a sufficient nexus between the criminal activity and the residence to be searched, suppression of the evidence was properly denied, and Ellison's convictions must accordingly be upheld.

On September 8, 2007, Detective Johnnie E. Melzoni, Jr., applied for a search warrant in the Davidson County, Tennessee, state court, relying in part on a tip from a confidential informant. According to the supporting affidavit, this informant, who was known to be reliable because of his assistance to the police in the past,[1] advised Detective Melzoni that he had observed, within the past seventy-two hours, two males known to the informant as "Red" and "Short" meet outside of a residence on Cedar Circle in Nashville, Tennessee, and complete a drug transaction. The affidavit stated:

> The [confidential informant] observed "Short"' exit a side door of the residence and meet with "Red". While standing outside, "Short" did give "Red" a large quantity of cocaine in a plastic bag. After the deal was completed "Short" went backing [sic] into the residence and "Red" left the property.

In the affidavit, Detective Melzoni further explained that, in his experience, "persons present at locations where illegal narcotics are sold and/or used often have contraband, narcotics paraphernalia, weapons, or other evidence of criminal conduct hidden on their persons or in their belongings," and requested authorization to search the residence on Cedar Circle and any persons present on the premises.

The state court judge issued the warrant. Officers executed the search warrant on September 13, 2007, and found Ellison outside of the residence. During the search of the house, the officers seized various baggies of cocaine, crack cocaine, and marijuana; a loaded gun; ammunition; a pill bottle with about one hundred assorted prescription pills for which Ellison did not have a prescription; over $2000 in cash; and other drug paraphernalia for making and using crack cocaine. The officers also searched Ellison's person and found a handwritten ledger, which documented money paid and owed for controlled substances that he had distributed and which showed multiple $50

---

[1] Ellison does not challenge the affiant's reliance on the confidential informant's tip.

to $200 drug sales. In addition, while the officers were executing the search, a woman called Ellison and asked him to bring $20 worth of crack cocaine to another location for her to buy.

As the sole owner of the property, which adjoined a playground, Ellison was charged in federal court with 1) unlawfully, knowingly, and intentionally possessing with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base within one thousand feet of the real property comprising a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860; 2) knowingly using a place for the purpose of unlawfully manufacturing and using controlled substances in violation of 21 U.S.C. § 856(a)(1); 3) knowingly possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1); 4) being a convicted felon in knowing possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924; and 5) being a convicted felon in knowing possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924.

Ellison initially pleaded not guilty and moved to suppress all evidence seized upon the execution of the search warrant, alleging, among other things, that "[t]he affidavit in support of the search warrant fail[ed] to establish probable cause in that there exist[ed] no sufficient nexus between the evidence sought and the place to be searched." The district court denied Ellison's motion to suppress, explaining that the affidavit "provided the issuing judge a substantial basis for finding an adequate nexus between the residence to be searched and evidence of drug sales." The court also noted that the affidavit was not deficient for failing to "name the person selling the drugs or the owner of the property," as "the Sixth Circuit has already rejected that argument too, holding that the affidavit in support of a search warrant does not need to contain that information."

This ruling prompted Ellison to enter a plea agreement, changing his plea from not guilty to guilty on counts one, two, and four. In making this plea, Ellison reserved his right to challenge the district court's ruling on the motion to suppress on appeal. The court accepted this plea agreement and sentenced Ellison to 188 months' imprisonment

on counts one and two; 120 months on count four, all to run concurrently; and an eight-year term of supervised release.  Ellison now appeals the district court's ruling on his motion to suppress.

The district court properly denied Ellison's motion to suppress because the search warrant was supported by probable cause.  Probable cause existed for the search of Ellison's residence and Ellison's person because the warrant affidavit established a nexus between the place to be searched and the evidence sought.  *See, e.g.*, *United States v. Bethal*, 245 F. App'x 460, 464 (6th Cir. 2007) (citing *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)).  Commission of a drug transaction outside of a house and one participant's walking back into the house, as observed in this case, plainly demonstrated a sufficient nexus with the house.

The affidavit explained that a confidential informant had observed someone come out of Ellison's residence, engage in a drug transaction, and then return into the residence.  These incriminating actions are inextricably connected to the residence for which the search warrant was sought.  From these actions, the affiant and the issuing judge could infer that there was a fair probability that drugs were being stored in the residence or that drug trafficking was taking place from the residence, such that a search of the residence would be likely to yield contraband or evidence of a crime.  This showing of a fair probability is all that is required to justify the issuance of a search warrant. *See United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985).

Ellison claims that the affidavit was deficient because it "contained no allegation by the confidential informant that there was any history of prior drug activity at the residence or whether or not any controlled substances remained in the residence after the purported sale."  However, Ellison points to no authority that requires this particular information to be included in the warrant affidavit.

Ellison relies on *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006), for its apparent factual similarity to his case, but that case is quite different.  In *McPhearson*, the police obtained a warrant to search the defendant's residence after they searched the defendant's person on his front porch pursuant to an arrest warrant for simple assault and

discovered crack cocaine in his pocket.  *Id.* at 520-21.  This court suppressed the drugs and firearms found pursuant to the search of his residence because the defendant was not a known drug dealer, and there was no evidence to support the inference that any wrongdoing would be found in the defendant's home because of his drug possession. *Id.* at 524-25.  In contrast, Ellison's case does not involve a defendant engaging in criminal activity with no connection to the place to be searched.  Not only were persons observed outside of Ellison's residence engaging in drug trafficking and not mere drug possession, but one person even came out of Ellison's house and returned to it during the course of the transaction.  Both of these additional facts provided support for the inference that evidence of criminal activity could be found in the residence, and gave the state judge a substantial basis for issuing the search warrant.

The fact that the affidavit fails to identify Ellison by name as someone engaging in criminal activity does not make the affidavit inadequate.[2]  We rejected a similar argument in *United States v. Pinson*, 321 F.3d 558 (6th Cir. 2003).  In that case, the defendant argued "that there was no substantial basis in the affidavit to conclude that evidence of the crime was linked to the premises to be searched," because "the affidavit lack[ed] the name or a description of the person from whom the confidential informant purchased the drugs."[3]  *Id.* at 563-64.  This court noted that precedent does not require "the name or a description of a person . . . to establish probable cause for a search warrant."  *Id.* at 564.  Moreover, we explained that the Supreme Court has stated,

> [W]hile probable cause for arrest requires information justifying a reasonable belief that a crime has been committed and that a particular person committed it, a search warrant may be issued on a complaint which does not identify any particular person as the likely offender. Because the complaint for a search warrant is not filed as the basis of a criminal prosecution, it need not identify the person in charge of the

---

[2] The warrant affidavit does state that "NES records show that electric service is in the name of Reginald Ellison."  However, this is the only mention of Ellison in the warrant affidavit.

[3] *Pinson*, like this case, involved an affidavit based on the occurrence of a single drug transaction at the residence to be searched.  321 F.3d at 560-561.  The affiant in that case had a confidential informant go into the residence at issue and purchase crack cocaine.  *Id.*  This single transaction was sufficient to establish probable cause for the search warrant in that case.  *Id.* at 565.

premises or name the person in possession or any other person as the
offender.

*Id.* (alteration in original) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 n.6 (1978)) (internal quotation marks omitted).  Thus, "an affidavit in support of a search warrant does not need to name or describe the person who sold the drugs or name the owner of the property," because "'[s]earch warrants are not directed at persons; they authorize the search of place[s] and the seizure of things, and as a constitutional matter they need not even name the person from whom the things will be seized.'"  *Id.* at 564-65 (alterations in original) (quoting *Zurcher*, 436 U.S. at 555).

AFFIRMED.