NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0459n.06

No. 20-4272

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Oct 12, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| ROGER D. ROBERTS, | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Roger Roberts appeals the district court's denial of his motion to suppress evidence discovered during the execution of a search warrant at his home. He argues that the warrant was issued without probable cause. For the reasons stated below, we AFFIRM.

I.

In September 2018, Detective Mike Schmidt of the Akron Police Department received information that defendant Roberts was selling cocaine out of his house. Detective Schmidt met with a confidential informant and asked him to make a controlled purchase of cocaine from the house. Schmidt had worked with this informant in the past and believed the informant to be credible. The informant had told Schmidt that Roberts had said he had cocaine for sale and that Roberts had firearms inside the house.

Less than seven days later, Detective Schmidt applied for a warrant to search Roberts's house. The supporting affidavit attested to Schmidt's twenty-one years of law enforcement

experience and described the informant as having previously provided Schmidt with "corroborated" "information concerning the possession and sale of controlled substances in the Akron" area. The affidavit explained that before sending the informant into Roberts's house to make the controlled purchase, officers searched the informant and found neither controlled substances nor cash. Schmidt gave the informant police-department funds to use for the drug purchase. Another detective on the scene, Detective S. Williams, watched the informant approach and enter Roberts's house. Schmidt watched the informant exit the house shortly thereafter. The informant then handed Schmidt what appeared to be cocaine and confirmed that it had been purchased inside Roberts's house using the funds provided by the investigators. The substance tested positive for cocaine. After reviewing this affidavit, a judge issued a search warrant for Roberts's residence.

Law enforcement officers executed the warrant the next day. Upon entering the house, officers heard glass shattering upstairs. The officers then recovered a loaded firearm from below a broken second-story window. Investigators later learned that the firearm was stolen. The officers spoke to Roberts. Roberts said he thought his drug supplier was entering the house, so he had planned to start shooting down the stairs; when he realized it was the police, not his supplier, he discarded the firearm. Roberts admitted that he had drugs in his pocket and explained that he was selling drugs to support his own habit. Officers found crack cocaine and a heroin/fentanyl mixture in Roberts's pocket. The officers then searched the rest of the house and found cocaine, drug paraphernalia, and other contraband.

A grand jury returned a seven-count indictment, charging Roberts with multiple drug and firearms offenses. Roberts filed a motion to suppress the evidence discovered in his house, arguing that the affidavit in support of the search warrant lacked probable cause. The district court denied

the motion after a hearing. Roberts pleaded guilty to all seven counts, reserving the right to appeal the district court's denial of his suppression motion. *See* Fed. R. Crim. P. 11(a)(2).

II.

We review "the district court's factual findings for clear error and its legal conclusions de novo." *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017). While we give "no particular deference" to the district court's probable-cause determination, we give "great deference" to the probable-cause determination made by the warrant-issuing judge. *United States v. Brown*, 732 F.3d 569, 572–73 (6th Cir. 2013). We will reverse the decision to grant a search warrant only when the judge "arbitrarily exercised his or her authority." *Id.* at 573.

A.

"[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quoting *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (per curiam)). When an affidavit is the basis for a probable-cause determination, it "must provide the [issuing judge] with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

Here, the warrant affidavit relies on information provided by a confidential informant. Thus, we must consider "the veracity, reliability, and basis of knowledge of the informant's information." *United States v. Archibald*, 685 F.3d 553, 557 (6th Cir. 2012). "[A]n affidavit that supplies little information concerning an informant's reliability may support a finding of probable

cause, under the totality of the circumstances, if it includes sufficient corroborating information."
*Id.* (quoting *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006)).

A "police-monitored controlled buy" generally provides sufficient corroboration. *United States v. Henry*, 299 F. App'x 484, 487 (6th Cir. 2008) (collecting cases). For example, in *Archibald*, we upheld a warrant supported by an affidavit nearly identical to the one at issue here. 685 F.3d at 555, 557. There, as here, the affidavit said that an informant, who had been used in past investigations, made a controlled purchase of narcotics. *Id.* at 555. As here, the affidavit described how the officers prepared the informant for the controlled purchase by searching her for contraband and giving her money to purchase narcotics. *Id.* And, as here, the affidavit described how the officers physically surveilled the premises. *Id.* We held that "although the details regarding the informant were sparse, that information combined with the information regarding the officers' corroboration of the purchase, ma[de] the affidavit sufficient to allow the issuing judge to conclude that the veracity and reliability of the informant supported probable cause." *Id.* at 557.[1] Other cases follow a similar pattern. *See United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006); *Coffee*, 434 F.3d at 894; *Pinson*, 321 F.3d at 563.

In light of our caselaw, and based on the totality of the circumstances, we conclude that the affidavit contained sufficient corroborating information to support a finding of probable cause.

Roberts argues that the affidavit was lacking because it did not associate the location to be searched with "regular, repeated drug trafficking." But he cites no authority for such a

---

[1] We note that the informant in *Archibald* was wired for audio surveillance during the controlled purchase, and the informant in our case was not. But Roberts makes no argument based on the absence of a wire. In any event, "[t]he affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Pinson*, 321 F.3d 558, 562 (6th Cir. 2003) (alteration in original) (quoting *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000)). And we have never deemed a wire indispensable. *See Henry*, 299 F. App'x at 487–88.

requirement, and "we have previously found that a single controlled purchase is sufficient to establish probable cause to believe that drugs are present at the purchase location." *Archibald*, 685 F.3d at 558 (citing *Jackson*, 470 F.3d at 307–08 and *Pinson*, 321 F.3d at 565); *see also Henry*, 299 F. App'x at 487–88. Additionally, there is no merit to Roberts's argument that the affidavit contained "boilerplate language" that did not corroborate the informant's statements. "[T]he fact that a search-warrant affidavit is an almost 'word-for-word' copy of the affidavit in a prior case is irrelevant '[a]s long as there is sufficient information to provide probable cause for the search.'" *United States v. Green*, 572 F. App'x 438, 441 (6th Cir. 2014) (second alteration in original) (quoting *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996)). And as we have explained, Detective Schmidt's personal observations, his pat down of the informant before and after the purchase of the cocaine, and the fact that the drugs purchased by the informant were later tested positive for cocaine were sufficient to corroborate the information provided by the informant. *See Pinson*, 321 F.3d at 563. Schmidt's affidavit accordingly established probable cause for the search.

Because we find that the warrant was issued upon probable cause, we need not address the government's alternative argument based on the good-faith exception articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984).

* * *

We AFFIRM the district court's denial of Roberts's motion to suppress.

-5-